JAMES NEEDHAM v. AUSTIN ELECTRIC RAILWAY COMPANY.

Decided February 9, 1910.

**1.—Jurisdiction—Appeal—Record.**

To support the jurisdiction of the appellate court, it is necessary that the record show that the case was one within the jurisdiction of the court from which the appeal was taken.

**2.—Same—Case Stated.**

On appeal from a judgment of the County Court, plaintiff's petition, which was for the recovery of damages in the sum of $160, appeared to have been filed originally in Justice Court, but the record contained no transcript and appeal bond showing that the case was there tried and appealed to the County Court. Held, that it not being made to appear that the County Court had original jurisdiction over the cause of action, nor that it had acquired jurisdiction by appeal, the Court of Civil Appeals should, on its own motion, dismiss the appeal.

Appeal from the County Court of Travis County. Tried below before Hon. R. E. White.

Upon affidavit by appellant's counsel showing excuse for his failure to present a full record a rehearing was granted and the record perfected by certiorari, so as to show that jurisdiction of the County Court was obtained by appeal. The judgment was thereafter reversed and remanded in an opinion which has not been designated for publication.

*Dowell & Dowell,* for appellant.

*R. L. Penn, Cochran & White* and *Ireland Graves,* for appellee.

KEY, ASSOCIATE JUSTICE.—Though not suggested by either party, we are met at the threshold of this cause with a question of jurisdiction which requires the appeal to be dismissed. The plaintiff's petition discloses an action for damages, seeking to recover only $160,

an amount below the original jurisdiction of the County Court. The petition and the defendant's answer both appear to have been filed in a justice of the peace court prior to the time they were filed in the County Court, but there is no transcript and appeal bond from the Justice Court showing that the case had been there tried and an appeal perfected to the County Court. The Courts of Civil Appeals do not have jurisdiction of every civil case that may be tried by the inferior courts of this State.

By the Constitution and the statute enacted in pursuance thereof, the appellate jurisdiction of such courts is limited to cases of which the District and County Courts have original or appellate jurisdiction. There is another rule of law applicable to all Appellate Courts to the effect that it is necessary for a litigant who undertakes to prosecute an appeal to present a transcript which shows affirmatively that the Appellate Court has jurisdiction to entertain and consider the appeal. In view of that rule and the constitutional limitation of this court's jurisdiction to civil cases of which the District or County Court has jurisdiction, it is absolutely necessary, as a prerequisite to the jurisdiction of this court, for the transcript to show that the court from which the appeal is prosecuted had jurisdiction of the case; and when it is discovered that the transcript fails to show such jurisdictional facts, it becomes the duty of this court to dismiss the appeal. (Bomar v. Legg & Tindall, 101 S. W., 839, 46 Texas Civ. App., 176, and cases there cited.) In fact, it was held by our Supreme Court in Horan v. Wahrenberger, 9 Texas, 314, when there was no such constitutional limitation upon the jurisdiction of that court, that a judgment rendered by the Supreme Court in an appeal from a judgment rendered by the District Court in a case in which the latter court was without jurisdiction, was null and void. It was there held that, inasmuch as the District Court had no jurisdiction of the subject matter, that the appeal from its judgment to the Supreme Court did not confer upon that court jurisdiction, and therefore its judgment was a nullity.

If that be the correct general rule of law, then, most assuredly, when the Constitution limits appellate jurisdiction to such cases as the trial court has jurisdiction of, the Appellate Court can acquire no jurisdiction when the trial court was without jurisdiction. In the case at bar, as the amount in controversy is less than $200, the trial court did not have original jurisdiction. It might have acquired jurisdiction if the case was tried by and appealed from a justice of the peace court, but the transcript fails to show such state of facts.

This being the condition of the record, this court is without jurisdiction, and the appeal will be dismissed at appellant's cost.

*Appeal dismissed.*