### CHANCE v. WARLICK et al.

### No. 14129.

Court of Civil Appeals of Texas.
Fort Worth.

Oct. 25, 1940.

Rehearing Denied Dec. 6, 1940.

Bramlette, Levy & Dotson, W. C. Holloway Jr., and S. J. Dotson, all of Longview, for plaintiff in error.

Park & Park, J. F. Park, and Auba Park, all of San Antonio, and Wm. M. Davis, of Kilgore, for defendants in error.

BROWN, Justice.

Appellee W. H. Warlick was driving his automobile down State Highway No. 26, between the cities of Kilgore and Longview, in Gregg County, and was meeting appellee R. E. Smith, who was driving in the opposite direction. Appellant, J. L. Chance, was driving in the same direction as Smith and attempted to go around Smith, just as the three automobiles were about to meet, and in so doing crashed into Warlick's auto and threw same into the path of Smith's auto.

Because of the personal injuries received by Warlick and the damage done so his car, he brought suit against Chance and Smith and prayed for a joint and several recovery. In addition to such personal recovery against the two named defendants, Warlick sought to recover against Magnolia Petroleum Company and T. L. N. Rawlinson on the theory that Chance was an employee of Magnolia Petroleum Company and T. L. N. Rawlinson at the time and was acting within the scope of his employment when the accident occurred.

Home Insurance Company had issued a policy to Warlick, covering his car, and such company paid Warlick $500 for the damage done his car, and this company was permitted to intervene and to seek recovery of such sum.

Chance brought a cross-action against Warlick, and alleged contributory negligence.

Smith answered, first alleging negligence on the part of Chance which brought about the accident, and then contributory negligence on the part of plaintiff Warlick.

We specifically call attention to the fact that no pleading alleges that any act of negligence as pleaded was the sole proximate cause of the accident.

The cause being tried to a jury, more than seventy-five special issues were submitted, and the jury found, in substance, as follows: (1) That Chance was driving his auto at a high rate of speed, (2) same was negligence, (3) and a proximate cause of plaintiff's in-

juries, (3a) that such negligence was not the sole proximate cause, (4) that Chance attempted to pass Smith, (4a) that such act was negligence, and (4b) "that the act of J. L. Chance in passing and undertaking to pass the defendant R. E. Smith immediately prior to the collision in question was the sole proximate cause of the collision", (5) that at the time Chance attempted to pass Smith's car the road was clear of traffic for 50 yards ahead of Chance, (6) not answered, being dependent upon 5, and for same reason 7 and 7a were not answered, (8) that Chance was driving his auto at a rate in excess of 45 miles per hour, (9) same was a proximate cause of the injuries sustained by plaintiff, (10) Chance failed to keep a proper lookout, (11) such act was negligence, and (12) a proximate cause of plaintiff's injuries, (12a) such act was not the sole proximate cause; issues 13 to 20, inclusive, touch upon Smith's negligence and are answered in his favor; issues 21 to 25, inclusive, touch upon Chance having discovered the plaintiff's perilous situation and all were answered in Chance's favor; (26) that Chance drove his car abreast of defendant Smith's car at the time, (27) such act was negligence and (28) a proximate cause of the plaintiff's injuries; issues 29 to 33, inclusive, touch upon the negligence of defendant Smith and were all answered in his favor; issues 34 to 60, inclusive, touch upon Warlick's contributory negligence and were answered in his favor; (61) Chance was not an employee of Rawlinson, (62) not answered—dependent upon 61, (63) Chance was an independent contractor, (64) the collision was an unavoidable accident as between plaintiff Warlick and defendant Smith, (65) same was not an unavoidable accident as between Warlick and Chance; issues 66 to 71, inclusive, touch upon Warlick's negligence in the matter of discovering Chance's perilous situation, and same are answered favorably to Warlick; issues 72 and 73 found that the acts of Chance constituted a new and independent cause of the collision so far as the defendant Smith is concerned, (74) no damages awarded Chance, and (75) $6,794.30 awarded as damages to Warlick.

Judgment was rendered for Warlick against Chance in said sum, and for the intervener for $500 out of such recovery, and in favor of all other parties sought to be held as defendants and cross-defendant, and Chance alone has appealed to the Court of Civil Appeals for the Texarkana District, and the Supreme Court transferred the cause to us.

No statement of facts is brought to us and the appellant urges that there are fundamental errors apparent in the record.

There are seven assignments of error presented.

■ The first urges that the trial court erred in rendering judgment for Warlick and Home Insurance Company, "because there is not sufficient verdict of the jury to support a judgment for such parties." We see no merit in the contention. The verdict amply supports the judgment for Warlick and the trial court, on the undisputed evidence, had the right to render judgment for the Insurance Company in the sum paid by it to Warlick for damages to his car. Assignments of error Nos. 2 and 3 are identical with that urged in No. 1, and they single out their respective awards. These assigned errors are overruled.

Assignment No. 4 urges that the finding of the jury that the act of Chance in passing and attempting to pass Smith was the sole proximate cause of the collision is in conflict with the finding made to Issue No. 3, that to Issue No. 9 to Issue No. 12 and to Issue No. 28, in that the jury found that Chance's acts of negligence in the matters inquired about in these four issues each and all were proximate causes of the collision.

■ We find no merit in this assignment of error for several reasons; first, there is no pleading to support the giving of such an issue. No act of negligence, or of contributory negligence was pleaded by any party as the sole proximate cause of the accident. All such were pleaded as proximate causes and contributing causes. For this reason, the trial court having erroneously submitted the issue, when it had no pleading to support it, such court could have and should have disregarded the answer thereto and should have looked to the other issues touching upon negligence and whether or not such negligence was a proximate cause of the collision.

Second, appellant by his proposition No. 5 asserts that there is no pleading which authorized the trial court to submit Special Issue No. 4a to the jury. Such issue being, "Do you find from a preponderance of the evidence that the act of J. L. Chance, on the occasion in question, in attempting to pass the automobile of R. E. Smith (if you

have so found) was negligence, as that term has been defined to you?"

Conceding that appellant is correct in the position taken, then the answers returned to Issues Nos. 4, 4a and 4b are immaterial and could not be made the basis of any judgment in the cause.

The third reason why we do not believe there is any merit in the contention is that, in the light of the pleadings and of the verdict and findings we believe that the jury meant, by answering "that the act of J. L. Chance in passing and undertaking to pass the defendant, R. E. Smith, immediately prior to the collision in question, was the sole proximate cause of the collision", to say that the negligent acts charged and found against Chance, in his attempt to pass the defendant Smith, at the time constituted the sole proximate cause of the collision. The verdict shows clearly that such was intended.

The fifth assignment of error asserts that the only negligence alleged in plaintiff's pleadings against Chance in attempting to pass Smith's car was that the road was not clear of traffic, at such time, for a distance of 50 yards ahead, and the jury having found in answer to Issue 5 that it was clear, and having found in answer to Issue 4a that Chance was guilty of negligence in attempting to pass Smith's car, and that such negligence was the sole proximate cause of the accident, the trial court erred in rendering judgment against Chance on such a verdict.

We see no merit in the contention. It is quite evident that several acts of negligence on the part of Chance were pleaded in connection with his act in attempting to pass the Smith car, and the court submitted these issues to the jury, and on the verdict returned, the plaintiff was entitled to a judgment.

The sixth assignment of error asserts that the trial court erred in rendering judgment against Chance for any amount in favor of Warlick and the Home Insurance Company, because the verdict is so conflicting and indefinite that it is not sufficient to support a judgment for Warlick and said Insurance Company.

We see no merit in the assigned error.

The seventh assignment of error asserts that, "the pleadings of the plaintiff and the verdict of the jury, finding that the plaintiff, W. H. Warlick, was driving at a rate of speed in excess of 45 miles per hour at the time of the collision, as a matter of law shows that the plaintiff was guilty of negligence, contributing to his injury."

We find no merit in the contention.

The record discloses that there are no objections urged against the charge.

We find that the court submitted an Issue (No. 34) inquiring of the jury whether or not Warlick, "at the time of and immediately prior to the collision in question was operating his automobile at a rate of speed in excess of 45 miles per hour", and then submitted Issue No. 35 asking the jury to find whether or not operating his automobile at such a rate of speed was negligence. The jury answered Issue 34 "Yes" and Issue 35 "No", and, under the instruction of the court, did not answer Issue No. 36, which asked if such negligence as found in answer to Issue 35 was a proximate cause or proximately contributing cause of the accident.

In the absence of a statement of facts, we do not know what testimony was adduced. It may be that Warlick testified that he speeded his car up, that he did not slacken his speed when he saw the situation and that he tried to thus escape from the perilous position in which he found himself.

Appellant Chance, who was relying upon contributory negligence on the part of Warlick as a defense to a right of recovery against him by Warlick, was satisfied with the charge as given. He made no objection to any part of the charge.

In Electric Express & Baggage Co. v. Ablon, 110 Tex. 235, 218 S.W. 1030, 1032, our Supreme Court expressly holds that the statute—now Art. 2185, R.C.Statutes—requires a litigant to make and present to a trial court his objections to the charge, and unless this is done, all objections are waived. The court said:

"Ablon appears to have wholly failed to make or to present to the trial court any statutory 'objection' whatever to any submission of that special issue. Although, by the express provisions of unamended article 1972, in order to obtain, on appeal, correctness of an error in the main charge to the jury, the complaining litigant need not take any formal 'bill of exception' thereto, it is, nevertheless, equally true that, by the terms of amended articles 1970 and 1971, due 'objection' to such erroneous charge must be made by such litigant. The requirement of the law is that all such 'objections' shall in every instance be presented to the

court before the charge is read to the jury; and the statutory penalty is that 'all objections not so made and presented shall be considered as waived.' * * * .

"Ablon has not made, anywhere, complaint to the legal effect that said special issue ought not to have been submitted to the jury—nor, it seems, has such a complaint been passed upon by any lower court. We decline to sustain the contention of counsel for plaintiff in error that the complaint embodied in plaintiff's motion for rehearing, in allegations of mere 'insufficiency' of the evidence to support the finding of the jury on the special issue of contributory negligence, amounted to no more than a complaint that said special issue ought not to have been submitted to the jury."

This opinion speaks of the statute as a law "to prevent litigants from speculating upon the result of the jury's finding, or verdict." This opinion holds that where the litigant does not object to the charge, he is, however, entitled to assign as error the fact that the evidence does not support the finding made by the jury, and the opinion gives the litigant no further relief.

We also cite Elder, Dempster & Co., Ltd., v. Weld-Neville Cotton Co., Inc., Tex. Com.App., 231 S.W. 102, 104, the opinion by the Commissioners having been expressly adopted by the Supreme Court and entered as the judgment of the court. It is said: "It is a general rule that applies to findings of the trial court that the entire findings should be read together and construed as a whole, and that when they permit of more than one reasonable construction that construction should be adopted which will support the action of the court as expressed in the judgment rendered upon the findings."

The court said further that applying this rule no irreconcilable conflict appeared in the findings.

If such a rule is sound where the findings of a trial judge are involved, how much more important is such a rule when applied to the findings of a jury composed of laymen.

Applying this rule in connection with the insistence upon the part of appellee that there are irreconcilable conflicts in the jury's findings, we hold that such position is not tenable.

All seven assignments of error are overruled, and the judgment affirmed.

Court of Civil Appeals of Texas. San Antonio.

Oct. 30, 1940.

Rehearing Denied Dec. 4, 1940.

Neel & King and Hal F. Rachal, all of Corpus Christi, for appellants.

Sidney P. Chandler, of Corpus Christi, for appellees.