**W. K. BULLOCK, Appellant,**

v.

**Ben C. LAND, Appellee.**

**No. 4319.**

Court of Civil Appeals of Texas.

Eastland.

June 20, 1969.

Rehearing Denied July 11, 1969.

Thomas A. Melody, Dallas, for appellant.

Goodstein, Erlanger & Starr, Barnett M. Goodstein, Dallas, for appellee.

WALTER, Justice.

Ben C. Land recovered a judgment in a non-jury trial against W. K. Bullock for $11,970.00 on a note and the defendant has appealed.

The judgment was signed and entered on October 30th, 1968, Bullock filed his original answer on November 4, 1968. He filed a motion for a new trial on November 18, 1968. The court overruled Bullock's motion for a new trial on November 26, 1968.

Bullock's notice of appeal appears in the court's order overruling his motion for "rehearing of his motion for new trial" dated December 20, 1968. His cash deposit in lieu of an appeal bond was filed January 6, 1969.

On March 7, 1969, we overruled appellee's motion to dismiss the appeal. Our order overruling such motion is set aside and we now sustain such motion and the appeal is dismissed. This was a non-jury trial and a motion for a new trial is not a prerequisite to appeal. Rule 324 Texas Rules of Civil Procedure. But, the filing of such a motion is not prohibited. Park v. Essa Texas Corporation, 158 Tex. 269, 311 S.W.2d 228 (Sup.Ct., 1958).

The motion for a new trial was not filed within ten days after the rendition of judgment, therefore we cannot consider this "non-prerequisite" motion for a new trial in determining the time appellant should give notice of appeal and file his bond because it was filed nineteen days

after the entry of judgment. Appellant's notice of appeal was not given within the time required by Rule 353, T.R.C.P. and the bond was not filed within the time permitted by Rule 356 T.R.C.P.

We will write on the merits so that it will not be necessary to remand the case to this court if the Supreme Court disagrees with us and holds we were in error in dismissing the appeal.

 Appellant contends the court committed fundamental error in rendering a default judgment for the appellee because as a matter of law it had no jurisdiction over the appellant.

The appellee alleged:

"On or about December 31, 1963 Defendant, W. K. Bullock, was a resident of Dallas County, Texas; later moved out of Dallas County, Texas; and can now be served with Citation and Process at 1312 N. 31st Street, Broken Arrow, Tulsa County, Oklahoma."

Appellant relies on McKanna v. Edgar, 388 S.W.2d 927 (Sup.Ct., 1965). We do not consider this case in point because it involved a direct attack on a default judgment by way of writ of error and in the case at bar the appellant filed an answer.

Appellant made no attempt to make a special appearance as provided for in Rule 120a T.R.C.P. He made a general appearance by filing an answer in which he said nothing about not being amenable to process issued by the courts of this State. He also filed a motion for a new trial in which he made no effort to make a special appearance.

He also filed a motion for a rehearing of his motion for new trial. Rule 121 T.R.C.P. provides that "An answer shall constitute an appearance of the defendant so as to dispense with the necessity for the issuance or service of citation upon him."

In Bowen v. State of Texas, 413 S.W.2d 915 (Tex.Cr.App., 1967), the court said:

"Appellant having filed answer, subject to his motion to quash the citation, was before the court for all purposes and the defect in the citation was waived. Hickey et al. v. Sibley, Tex.Civ.App., 304 S.W.2d 165; see also Burger v. Burger, 156 Tex. 584, 298 S.W.2d 119 and since adopted Rule 120a T.R.C.P."

In Carter v. G & L Tool Company of Utah, Inc., 428 S.W.2d 677 (Ct. of Civil App., 1968, no writ history), the court said:

"A non-resident defendant by appearing and filing an answer to plaintiff's petition gives the court jurisdiction over his person."

We find no merit in appellant's point. When he filed an answer and called upon the court to exercise its judicial functions and render a judgment in his behalf, he thereby submitted himself to its jurisdiction.

The appeal is dismissed.