**JACK RITTER INC. OIL COMPANY,**
Appellant,

v.

**Dorman D. SELL, Appellee.**

No. 11697.

Court of Civil Appeals of Texas.

Austin.

July 9, 1969.

Coffee, Ritter & Goldston, Mike Levy, Austin, for appellant.

No brief filed by appellee.

HUGHES, Justice.

Appellant is Jack Ritter Inc. Oil Company. Appellee is Dorman D. Sell. Appellee has filed no brief but he has filed a motion to dismiss this cause for want of jurisdiction. This motion is based on these facts: Final judgment was rendered October 14, 1968; Motion for New Trial was filed November 22, 1968; this motion was overruled November 20, 1968, for want of jurisdiction. The transcript was filed in this Court on March 31, 1969.

The record reflects that this was a non-jury case. It was not necessary to file a motion for new trial as a prerequisite to an appeal. Rule 324, Texas Rules of Civil Procedure. The motion for a new trial was not filed within the time prescribed by Rule 329b, Sec. 1, T.R.C.P. It cannot be the basis for taking appellate steps. A. F. Jones & Sons v. Republic Supply Co., 151 Tex. 90, 246 S.W.2d 853.

It thus appears that the transcript was filed more than 60 days after rendition of judgment which was after the time required by Rule 386, T.R.C.P.

However, the record discloses that this appeal was perfected through writ of error proceedings authorized by Art. 2249a, Vernon's Ann.Tex.Civ.St. The record discloses that appellant did not participate in the trial of this case either in person or by attorney. Under Art. 2255, V.T.C.S., a writ of error, when allowed, may be sued out within 6 months after final judgment is rendered. It follows that the writ of error was timely sued out, that this Court has jurisdiction, and that the motion to dismiss should be and it is overruled.

The judgment in this case disposed of two original suits which had been consolidated. The first suit was by Jack Ritter Inc. Oil Company against Dorman D. Sell for damages for breach of a lease agreement whereby Mr. Sell and his wife leased a service station located in Giddings, Texas, to Ritter. The second suit was by Dorman D. Sell against the Ritter Oil Company for $1200.00 delinquent rents alleged to be due under the lease from Sell to Ritter, for cancellation of such lease and for $250.00 attorney's fees.

The consolidated case having been set for trial and Ritter Oil Company having failed to appear, the trial court rendered judgment that Jack Ritter Inc. Oil Company take nothing by its suit and adjudging costs against it. As to the suit by Sell against Ritter the court rendered judgment for Sell for $1100.00 rents, $160.50 interest and $350.00 attorney's fees.

Appellant complains that the trial court erred in rendering a take nothing judgment as to its suit, contending that a judgment of dismissal without prejudice was the only proper judgment which could be rendered. We hold that the only judgment which the court was authorized to render under these circumstances was to dismiss Ritter's suit for want of prosecution. Federal Royalties Co. Inc. v. McKnight, 77 S.W.2d 542, Tex.Civ.App. El Paso, writ ref. (1934).

Appellant's second point is that the trial court erred in rendering judgment for $350.00 attorney's fees. We sustain this point.

Sell does not plead that the lease provided for attorney's fees. A certified copy of the lease is attached to Ritter's pleading. It does not provide for attorney's fees. This suit does not fall within any of the provisions of Art. 2226, V.T.C.S. Attorney's fees, hence, are not recoverable in the absence of a contract so providing.

We reform the judgment of the trial court by eliminating the recovery of $350.00 attorney's fees and by decreeing that Ritter's suit be dismissed for want of prosecution at its costs. Costs of appeal are assessed against Sell.

The judgment of the trial court is reformed and as reformed it is affirmed.

Reformed and as reformed, affirmed.