**W. F. DEAN, Appellant,**

v.

**J. W. WARREN, Appellee.**

**No. 540.**

Court of Civil Appeals of Texas,
Tyler.

Feb. 11, 1971.

Rehearing Denied March 11, 1971.

Duane G. Stephens, Tyler, for appellant.

Enoch G. Fletcher, Grand Saline, for appellee.

McKAY, Justice.

Appellee brought suit against appellant for the balance due for a septic tank, pipe and plumbing fixtures and installation of same, claiming both statutory and constitutional liens against the tract of land upon which the above items were installed. Appellant answered by a general denial, and after trial before the Court without a jury, judgment was rendered for appellee for the balance due, attorney's fee and foreclosure of a lien on the real estate. The judgment provides in part:

"On this the 28th day of May 1970, came on to be heard the above styled and numbered cause * * *

\*   \*   \*   \*   \*   \*

"Thomas H. Crofts
"Presiding Judge

"Entered this the 29th day of June, A. D. 1970".

Appellant filed a motion for new trial on July 7, 1970, and his amended motion for new trial was filed on July 15, 1970. Ap-

pellant's motion for new trial was overruled by order dated July 28, 1970, and notice of appeal was given in that order. Supersedeas bond was filed on August 13, 1970.

■ When the jurisdiction of this Court is invoked, the transcript must show affirmatively that we have such jurisdiction, and if it does not do so, it is our duty to dismiss the appeal. 3 T.J.2d, sec. 383, p. 641. Needham v. Austin Electric Railway Co., 59 Tex.Civ.App. 144, 127 S.W. 904 (1910, n. w. h.); Selman v. Ross, 302 S. W.2d 752 (Tex.Civ.App., Galveston, 1957, n. w. h.); Miller v. Esunas, 401 S.W.2d 150 (Tex.Civ.App., Tyler, 1966, writ ref., n. r. e.). While the question has not been raised by either party, we must dismiss this appeal because we lack jurisdiction to hear it. Rule 306a, T.R.C.P., provides:

"Judges are directed to cause, and attorneys and clerks are directed to use their efforts to cause all judgments, decisions, and orders of any kind to be reduced to writing and signed by the trial judge *and the date of signing stated therein;* * * *

"In determining the periods within which the various steps of an appeal must be taken, the *date of rendition of a judgment or order shall be deemed to be the date upon which the written draft thereof was signed by the trial judge as stated therein.* This rule shall apply in determining the time within which to file a motion for new trial, notice of appeal, appeal bond * * *" (Emphasis added).

Under Rule 329b, T.R.C.P., a motion for new trial, when required, shall be filed within ten days after the judgment or order complained of is rendered, and may be amended within twenty (20) days after the original motion is filed, and must be determined within forty-five (45) days after the original motion is filed.

■ Although not required to do so in a non-jury case, appellant filed his motion for new trial on July 7, 1970. If the date of the judgment was May 28, 1970, *"as stated therein,"* the motion came too late. The rule seems to be that in the absence of a recital showing on the face of the judgment, as contemplated by Rule 306a, that the judgment was signed on a different date, the date of rendition as recited therein governs and controls. The language below the judge's signature: "Entered this the 29th day of June, A.D., 1970," is not the date the judgment was signed "as stated therein," nor does "entered" have the same meaning as "signed." "Entered" is interpreted as meaning the act of the Clerk in "spreading the judgment upon the Minutes." We hold, under numerous authorities, that the recital in the judgment of the date of May 28, 1970, as being the date of the rendition of the judgment, is deemed to be the date the trial judge signed the same "as stated therein," and therefore, the filing of the motion for new trial on July 7, 1970 came too late. Heard v. Heard, 305 S.W.2d 231 (Tex.Civ.App., Galveston, 1957, writ ref.); Polis v. Alford, 267 S. W.2d 918 (Tex.Civ.App., San Antonio, 1954, n. w. h.); Cox v. Payne, 231 S.W.2d 957 (Tex.Civ.App., Amarillo, 1950, n. w. h.); Magic Valley Produce Co. v. Baldridge, 393 S.W.2d 418 (Tex.Civ.App., Corpus Christi, 1965, n. w. h.); First National Bank of Mineola v. Farmers & Merchants State Bank of Athens, Texas, 417 S.W.2d 317 (Tex.Civ.App., Tyler, 1967, writ ref., n. r. e.); Becnel v. Becnel, 336 S.W.2d 221 (Tex.Civ.App., Texarkana, 1960, n. w. h.); Hedley Independent School District v. Doneghy, 358 S.W.2d 724 (Tex.Civ.App., Amarillo, 1962, n. w. h.).

■ The filing of an original motion for new trial within a ten (10) day period after the rendition of any judgment or order complained of is jurisdictional where the appeal is from an order overruling a motion for new trial; a later filing is a nullity. Selman v. Ross, supra. The motion for new trial was not filed within the time prescribed by Rule 329b; therefore, it

cannot be the basis for taking appellate action. Jack Ritter Inc. Oil Company v. Sell, 443 S.W.2d 925 (Tex.Civ.App., Austin, 1969, n. w. h.).

Appeal dismissed.