**Hollis SHARP et ux., Appellants,**

**v.**

**Robert E. KNOWLES, d/b/a Longview Home Service, Appellee.**

**No. 600.**

Court of Civil Appeals of Texas, Tyler.

Nov. 4, 1971.

On Rehearing Dec. 16, 1971.

Rehearing Denied Jan. 13, 1972.

Paul M. Branch, Kilgore, for appellants.

Joe Taylor, Jr., Longview, for appellee.

DUNAGAN, Chief Justice.

This is a suit by a contractor for balance claimed due under a home repair agreement. The suit was brought by Robert E. Knowles, d/b/a Longview Home Service, against Hollis Sharp and wife, Louise Sharp, in the District Court of Gregg County, Texas.

At the outset this Court is confronted with the question of whether it is disclosed by the transcript that the jurisdiction of this court is invoked.

The trial below was to a jury. Appellants-defendants filed motion for judgment. This record does not show an order of the court directly disposing of this motion. However, the judgment in the record shows that the court did render judgment against appellants and for the appellee. This appeal is directly from the judgment.

It appears from the judgment that the case went to trial on January 30, 1968. The last sentence in the judgment immediately above the Judge's signature reads, "SIGNED AND ENTERED this 13 day of May 19." We do not think that it would be seriously contended that this judgment was signed in the 19th year either B.C. or A.D., which would be long prior to the origin of this lawsuit. Therefore, we cannot determine from the record what year the judgment was actually signed. In the absence of the actual date of the signing of said judgment, the date of rendition appearing on its face must govern for appeal purposes. Heard v. Heard, 305 S.W.2d 231 (Tex.Civ. App., Galveston, 1957, writ ref.); Rule 306a, Texas Rules of Civil Procedure. The date of the filing of the judgment may not be taken as indicative of the date it was signed. Heard v. Heard, supra. Therefore, since January 30, 1968, is the only reliable date recited in the judgment, we are required to accept said date as the date of the rendition of said judgment and such is the date of the beginning of the period within which the various steps of an appeal must be taken as provided for in Rule 306a, T.R.C.P.

It is the well-established law of this State that appellate jurisdiction must affirmatively appear from the record, and if it does not do so, it is our duty to dismiss the appeal. 3 Tex.Jur.2d, p. 641, sec. 383; Needham v. Austin Electric Ry. Co., 59 Tex.Civ. 144, 127 S.W. 904 (1910, n. w. h.); Selman v. Ross, 302 S.W.2d 752 (Tex.Civ.App., Galveston, 1957, n. w. h.); Miller v. Esunas, 401 S.W.2d 150 (Tex.Civ.App., Tyler 1966, writ ref., n. r. e.); Dean v. Warren, 464 S.W.2d 672 (Tex.Civ.App., Tyler, 1971, n. w. h.).

Notice of appeal was filed May 20, 1971.

Affidavit of inability to pay cost of appeal was filed May 20, 1971.

Rule 353, T.R.C.P., requires that notice of appeal be filed within ten days after the judgment or order overruling motion for new trial is rendered.

Rule 356, T.R.C.P., requires that an affidavit in lieu of bond be filed not more than 20 days after the date of rendition of judgment or order overruling motion for new trial.

Neither the notice of appeal nor the affidavit in lieu of bond was filed within the time required; therefore, they came too late to give this court jurisdiction of this appeal. Becnel v. Becnel, 336 S.W.2d 221 (Tex.Civ.App., Texarkana, 1960, n. w. h.); Donald v. John Vinson, Inc., 344 S.W.2d 751 (Tex.Civ.App., Fort Worth, 1961, writ ref.); Spain v. Kurth, 163 S.W.2d 247 (Tex. Civ.App., Beaumont, 1942, n. w. h.); Greer v. Poulter, 189 S.W.2d 883 (Tex.Civ.App., Ft. Worth, 1945, ref. w. m.).

The transcript fails to disclose affirmatively that we have jurisdiction of the appeal.

Appeal dismissed.

## ON APPELLANTS' MOTION FOR REHEARING

Earlier in this term we dismissed this appeal because the transcript failed affirmatively to disclose that we had jurisdiction.

Appellants later filed a supplemental transcript from which, in connection with the original transcript, it now appears that we do have jurisdiction. Appellants have moved for rehearing and that we set aside our former order dismissing the appeal. The motion is well taken. Our former order is set aside and the appeal reinstated.

This is a suit brought by contractor for balance claimed due under a home repair agreement. The suit was brought by the appellee-contractor against appellants. The petition alleges that an agreement was entered into by and between appellants and appellee whereby appellee would furnish the necessary materials and labor for the repair of a house owned by appellants, according to the contract-agreement for which the appellee was to receive the sum of $2,130.00. It was further alleged that appellee had been paid the sum of $1,000.00, thus leaving a balance due appellee in the sum of $1,130.00, no part of which has been paid even though appellants were often requested to do so.

Appellants by their written answer alleged that they had paid to appellee the sum of $1,000.00 as agreed upon and that upon completion of their remodeling and repair work, as agreed upon by the parties, they were willing and able to pay the balance of the agreed price.

The case was submitted to a jury on four special issues which in summary inquired of them: (1) whether the appellee-contractor had completed the work as agreed upon by the parties, to which they answered yes, (2) whether the appellee-contractor had performed the work in a good and workmanlike manner, to which they answered that he had not, (3) whether the appellants agreed to pay appellee a balance due of $1,130.00 in monthly installments, to which they answered they had, and (4) which inquired into attorney's fees. Thereafter appellants filed a motion for judgment upon the findings of the jury. There is no order of the trial court shown in the record disposing of appellants' motion. However, the trial court having proceeded to render judgment for the appellee on the findings of the jury, in effect, overruled appellants' motion for judgment.

■ Appellants by their appeal bring one point of error by which they complain that the trial court erred in overruling appellants' motion for judgment because the jury finding that appellee failed to do the work in "good and workmanlike manner" precludes recovery of the full contract award. The case is before us without a statement of facts and therefore every reasonable presumption consistent with the record will be indulged in favor of the correctness of the judgment. First National Life Insurance Co. v. Herring, 318 S.W.2d 119 (Tex.Civ. App., Waco, 1958, n. w. h.), and cases cited therein; Thomas v. International Harvester Co., 325 S.W.2d 832 (Tex.Civ.App., San Antonio, 1959, writ ref., n. r. e.); 3 Tex. Jur.2d, pp. 646, 647 and secs. 392, 393.

The jury found that the contractor-appellee had completed the work as agreed upon by the parties. This finding of the jury stands before this court unchallenged.

■ It is elementary that the pleadings delineate the issues to be tried in any case. A. B. Lewis Company v. Robinson, 339 S.W.2d 731, 735 (Tex.Civ.App., Houston, 1960, n. w. h.); Safety Casualty Co. v. Teets, 195 S.W.2d 769 (Tex.Civ.App., Beaumont, 1946, writ ref.); Dean v. Maxwell, 173 S.W.2d 246, 249 (Tex.Civ.App., Eastland, 1943, n. w. h.); Ellzey v. Allen, 172 S.W.2d 703, 706 (Tex.Civ.App., Amarillo, 1943, writ dism.); 57 Tex.Jur.2d, p. 156, sec. 482; South Plains Ready-Mix, Inc. v. McDermett, 278 S.W.2d 575, 577 (Tex.Civ. App., Amarillo, 1954, n. w. h.); 33 Tex.Jur. 2d, p. 573, sec. 70; 52 Tex.Jur.2d, p. 258, sec. 53; 45 Tex.Jur.2d, p. 363, sec. 5. Here, the parties joined issue on only one disputed fact, i. e., whether or not the work was done according to the contract as agreed upon by the parties. The jury's answer to Special Issue No. 1 resolved that dispute in favor of appellee which, under the pleadings in the case, entitled appellee to judgment. Inasmuch as inquiry in Special Issue No. 2

was not raised by the pleadings as the basis for an offset or to support a claim for failure of consideration, we believe that Special Issue No. 2 was immaterial and that the trial court was correct in obviously disregarding it in entering judgment. 57 Tex. Jur.2d, p. 89, sec. 451; T. A. Manning & Sons, Inc. v. Ken-Tex Oil Corporation, 418 S.W.2d 324 (Tex.Civ.App., Austin, 1967, writ ref., n. r. e.); C & R Transport, Inc. v. Campbell, 406 S.W.2d 191, 194 (Tex.Sup., 1966); First American Life Insurance Company v. Slaughter, 400 S.W.2d 590, 594 (Tex.Civ.App., Houston, 1966, writ ref., n. r. e.); Home Ins. Co. v. Scott, 152 S.W. 2d 413 (Tex.Civ.App., El Paso, 1941, writ dism.); Chance v. Warlick, 145 S.W.2d 283 (Tex.Civ.App., Ft. Worth, 1940, dism., judg. cor.); DeWalt v. Universal Film Exchanges, Inc., 132 S.W.2d 421 (Tex.Civ. App., Galveston, 1939, dism., judg. cor.); Texas & N. O. R. Co. v. Harris, 101 S.W. 2d 640 (Tex.Civ.App., El Paso, 1937, writ dism.); Robichaux v. Bordages, 48 S.W.2d 698 (Tex.Civ.App., Beaumont, 1932, writ ref.); American Nat. Ins. Co. v. Villegas, 32 S.W.2d 1109 (Tex.Civ.App., El Paso, 1930, n. w. h.); 57 Tex.Jur.2d, p. 272, sec. 547.

Moreover, while the trial court submitted the defensive issue of "good and workmanlike manner", which, under the record before us, has no support in the pleadings, there was no corollary damage issue submitted. Further, an examination of the record failed to disclose any request by the appellants of an issue on damages. Under Rule 279, T.R.C.P., such a failure to request is deemed a waiver of such issue and therefore cannot be considered as a matter of contention on appeal. See Yellow Cab Company v. Smith, 381 S.W.2d 197 (Tex. Civ.App., Waco, 1964, writ ref., n. r. e.).

For the reasons stated, the judgment of the trial court is affirmed.