Leslie **THACKER**, Appellant,

v.

Bernice **THACKER** et al., Appellees.

No. 8350.

Court of Civil Appeals of Texas, Amarillo.

Jan. 8, 1973.

Leslie Thacker, Houston, for appellant.

Robinson, Fotheringham & Simpson, A. J. Robinson, Amarillo, for appellees.

## PER CURIAM.

Appellant Leslie Thacker has attempted to appeal from a summary judgment adverse to her litigious position. Appellee Bernice Thacker filed a motion to dismiss the appeal for lack of appellate jurisdiction. The motion is premised on the grounds that appellant's notice of appeal and appeal bond were not filed timely. Appellant joined the issue. Both parties have filed briefs and the issue has been fully developed. The motion to dismiss is granted and the appeal is dismissed.

Bernice Thacker brought this suit against Aetna Life Insurance Company to recover the proceeds of a matured group life insurance policy in which she was the named beneficiary. Aetna, representing that an adverse claim to the policy proceeds had been made by Leslie Thacker, tendered the proceeds, requested that Leslie Thacker be impleaded and prayed that it be discharged. Leslie Thacker answered and filed a cross-action. Both Aetna and Bernice Thacker filed motions for summary judgment. On August 2, 1972,[1] the trial court entered its order setting a hearing on the motions for September 7. Leslie Thacker filed an answer to the motions, supported by an affidavit in which she stated that due to hospitalization scheduled for September 6, she " . . . cannot be present for this

---

1. All recited dates are for the year 1972.

hearing." No request was made for a continuance.

On the day previously set, the trial court conducted a hearing on the summary judgment motions and rendered its judgment, entered and filed on September 7, granting both motions. By letter dated September 11 and received by the district clerk on September 19 in an envelope bearing a Houston postmark of September 18, appellant requested to be informed of the result of the September 7 hearing. The letter contained this wording: "Should the Plaintiff's Motion be granted in whole or in part, this constitutes Notice of Appeal." The clerk's reply was received by appellant on September 20.

Appellant filed a motion for new trial on September 21. Subsequently, appellant presented to the court a pleading designated as a motion to arrest and reverse summary judgment. The trial court heard appellant's motions on October 4 and on the same day entered its order overruling both motions. Appellant filed a notice of appeal with the clerk on October 5, and the clerk received and filed the appeal bond on October 9.

■■ By disposing of all parties and issues, the summary judgment was a final judgment and appealable. The first jurisdictional predicate to an appeal is the requirement of Rule 353[2] that notice of appeal must be given within ten days after judgment is rendered or motion for new trial is overruled. This requirement is mandatory and jurisdictional and if the notice of appeal is not timely filed, the appellate court acquires no jurisdiction over the appeal except to dismiss it. Howe v. Howe, 223 S.W.2d 944 (Tex.Civ.App.–Eastland 1949, writ ref'd).

■ In this non-jury proceeding, a motion for new trial was not required as a prerequisite to the right of appeal, Rule 324; nevertheless, a motion for new trial may be filed under authority of Rule 323. If the non-prerequisite new trial motion is filed, however, it must be filed within ten days after rendition of judgment to effectively extend the definitive time within which the notice of appeal is otherwise required to be filed. Park v. Essa Texas Corporation, 158 Tex. 269, 311 S.W.2d 228 (1958).

The new trial motion filed on September 21 was not filed within the ten days following the September 7 summary judgment and thus ineffective to alleviate the mandatory and jurisdictional requirement that the notice of appeal must have been given within ten days after the summary judgment was rendered. The tenth day following the date of judgment was September 17, but since that day was a Sunday, the time was extended to September 18. Rule 4. However, appellant's first notice of appeal was not filed with the clerk until September 19, one day late.

Appellant seeks to be excused for the late filing by certifying that (1) she received no notice of rendition of the September 7 judgment until she received the clerk's letter on September 20 in reply to her inquiry; (2) the first notice of appeal was mailed in Houston on September 16 in time to be postmarked on that day and timely filed under Rule 5; and then declaring that (3) the additional three days allowed by Rule 21a for mail service assured that the notice of appeal was timely filed; and (4) though the motion for new trial was not within ten days from the date of judgment, since the trial court retained jurisdiction over its judgment for thirty days and acted to overrule appellant's new trial motion within that time, the subsequent notice of appeal and appeal bond were filed timely under Rule 329b. Under the rules governing appellate procedure, none of the contentions is tenable.

■■ With respect to the first contention, the record affirmatively reflects that

2. All cited rules are referenced to the Texas Rules of Civil Procedure.

appellant knew the trial court, absent any request for continuance on her part, was to hear the summary judgment motions on September 7. Appellant was chargeable with notice of the order entered by the court, especially since it was entered on the very day set for determination of the summary judgment motions with notice to, and acknowledgement by, appellant of the setting. Tyler v. Henderson, 162 S.W.2d 170 (Tex.Civ.App.–Fort Worth 1942, writ ref'd w. o. m.). Respecting the second contention, Rule 5 does permit the timely filing of any matter relating to an appeal when it is received by the clerk not more than ten days tardily if sent by mail bearing a postmark showing it was mailed one day or more before the last day for filing. However, Rule 5 further provides that the ". . . postmark shall be conclusive evidence of the date of mailing," and the envelope in this record shows the postmark date to be the last day for filing and not before that date. In regard to the third contention, Rule 21a cannot apply for the reasons that its provisions concern notice not ". . . otherwise expressly provided for . . ." in the Texas Rules of Civil Procedure, Rule 353 does expressly provide for notice of appeal, and Rule 5 further prohibits the enlargement of the definitive time for action in matters relating to an appeal. Regarding the last contention, it may be admitted that the trial court retains jurisdiction for thirty days following September 7 to correct, amend, vacate or set aside the summary judgment. Here, the trial court did not exercise jurisdiction to do any of those things; instead, the trial court refused to disturb its judgment previously entered. By overruling the late motion for new trial, the trial court did not have jurisdiction to, and did not, extend the period prescribed for perfecting the appeal. See A. F. Jones & Sons v. Republic Supply Co., 151 Tex. 90, 246 S.W.2d 853 (1952).

Since the provisions of Rule 353 are mandatory and jurisdictional, a delay of even one day deprives the appellate court of jurisdiction to hear the appeal, Brown v. Vander Stucken, 435 S.W.2d 609 (Tex.Civ.App.–San Antonio 1968, no writ), and the appellate court has no discretion to excuse the delay. See Glidden Company v. Aetna Casualty & Surety Company, 155 Tex. 591, 291 S.W.2d 315 (1956). When the mandatory and jurisdictional rule has not been obeyed, the appellate court has no alternative but to deny appellate review. Matlock v. Matlock, 151 Tex. 308, 249 S.W.2d 587 (1952).

This determination pretermits decisional comments on the matters of the second motion for new trial and the appeal bond.

The appeal is dismissed.