**MIDLAND–GUARDIAN CO., Appellant,**

v.

**MERCANTILE CREDIT CORPORATION, Appellee.**

No. 17580.

Court of Civil Appeals of Texas, Fort Worth.

Nov. 8, 1974.

Rehearing Denied Dec. 6, 1974.

Fillmore, Parish, Martin, Kramer & Fillmore, and Elmer H. Parish, Wichita Falls, for appellant.

Gibson, Darden & Hotchkiss, and C. A. Tony Hotchkiss, Wichita Falls, for appellee.

## OPINION

BREWSTER, Justice.

This is an appeal by Midland-Guardian Co., appellant, from a default judgment rendered against it and in favor of Merchantile Credit Corporation, appellee, in a non-jury trial of a garnishment case.

The initial question presented for our determination is whether certain of the steps that are necessary in order to perfect an appeal were taken by appellant within the times allowed by law.

The answer to that question hinges on whether the time for the performance of the steps necessary to perfect an appeal began to run in this case from the date of the default judgment or whether those times began to run from the date of the order overruling a pleading that appellant designated as a motion to set aside the default judgment, and which pleading was filed more than 10 days after the date the judgment was rendered and entered.

The default judgment that is here appealed from recited that it was rendered and entered on May 8, 1974.

No motion for new trial or motion to set aside the judgment was filed in this case within 10 days after the rendition and entry of the judgment as is required by Rule 329b, Texas Rules of Civil Procedure.

It was not until May 23, 1974, that the appellant filed in the case what it designated as its motion to set aside default judgment. And on May 28, 1974, the appellant filed what it called its amended motion to set aside default judgment. Both of these motions prayed that the default judgment be set aside. We consider these two instruments to fall into the same category as a late filed motion for new trial.

On May 28, 1974, the trial court rendered its order overruling both the original and the amended motion to set aside the default judgment.

It is appellant's position that the time periods for taking the various steps necessary to be taken in order to perfect the appeal did not begin to run until the date the court rendered the order overruling the two motions to set aside default judgment, to-wit: May 28, 1974.

We disagree with that contention and hold that under this set of facts the time periods provided by law for the taking of the various steps necessary to be taken in order to perfect an appeal began to run from the date of the default judgment, to-wit: May 8, 1974.

It is not necessary that an appellant file a motion for new trial in a non-jury case as a prerequisite for an appeal. Rule 324, T.R.C.P. However, such a motion can be filed in a non-jury case if appellant desires to do so. Rule 323, T.R.C.P.

But in order for a motion for a new trial that is overruled and the order overruling same to play any part in determining the times in which the necessary steps to perfect an appeal shall be taken, such motion must be a timely filed motion within the meaning of Rule 329b, T.R.C.P. Motions for new trial and motions to set

aside a judgment that are not timely filed within the provisions of Rule 329b, T.R.C. P., and an order of the Court overruling such late filed motions do not in any way enter into the question of determining whether the steps necessary to perfect an appeal have been taken within the time periods prescribed by law. They are not to be considered at all in making that determination.

The following cases support the holdings that we hereinabove make: A. F. Jones & Sons v. Republic Supply Co., 151 Tex. 90, 246 S.W.2d 853 (1952); Park v. Essa Texas Corporation, 158 Tex. 269, 311 S.W.2d 228 (1958); Curtis v. Carey, 378 S.W.2d 418 (Corpus Christi, Tex.Civ.App., 1964, no writ hist.); Ferree's Band Instrument Tools & S., Inc. v. Claxton, 472 S.W.2d 334 (Corpus Christi, Tex.Civ.App., 1971, no writ hist.); Thacker v. Thacker, 490 S.W.2d 234 (Amarillo, Tex.Civ.App., 1973, no writ hist.), and Bullock v. Land, 443 S. W.2d 60 (Eastland, Tex.Civ.App., 1969, ref., n. r. e.).

The appellant in this case gave notice of appeal twice. A notice of appeal was first set out in the court's order dated May 28, 1974, in which he overruled the two late filed motions to set aside judgment. And on May 30, 1974, appellant filed a written notive of appeal in the case.

Rule 353, T.R.C.P., provides that a notice of appeal shall be given or filed within 10 days after judgment or order overruling motion for new trial is rendered. The cases above cited hold that the provision in Rule 353 referring to an order overruling motion for new trial has reference only to motions for new trial that are timely filed within the times provided for in Rule 329b.

Appellant in this case gave notice of appeal on the 18th day after the judgment was rendered. It was therefore late and did not comply with Rule 353, which required it to be filed within 10 days after the judgment was rendered under the facts of this case.

The law is that the giving of notice of appeal within the 10 day period provided for in Rule 353 is a jurisdictional predicate to an appeal.

The following is from Thacker v. Thacker, 490 S.W.2d 234, at page 236 (Amarillo, Tex.Civ.App., 1973, no writ hist.): "This requirement is mandatory and jurisdictional and if the notice of appeal is not timely filed, the appellate court acquires no jurisdiction over the appeal except to dismiss it. Howe v. Howe, 223 S. W.2d 944 (Tex.Civ.App.-Eastland 1949, writ ref'd)."

Holding to the same effect is Bullock v. Land, supra, and Curtis v. Carey, supra. Many other cases holding the same way are listed in Vol. 4 of Vernon's Texas Rules of Civil Procedure under Note 4 of Rule 353.

The record in this case also shows that the transcript and the statement of facts were both filed in this Court of Civil Appeals on July 12, 1974. They were therefore filed on the 65th day after the judgment was rendered on May 8, 1974.

Rule 386, T.R.C.P., requires the appellant to file the transcript and the statement of facts with the clerk of the Court of Civil Appeals within 60 days from the rendition of judgment or order overruling motion for new trial.

As demonstrated above the 60 day time period for filing the statement of facts and transcript began to run on May 8, 1974, and such instruments were therefore not filed in this appellate court within the 60 day period provided for in Rule 386.

The law is settled that the provisions of Rule 386 requiring the filing of the transcript and statement of facts in the Court of Civil Appeals within the 60 day time period therein prescribed is mandatory and jurisdictional and must be complied with in order to invoke the appellate court's jurisdiction. A failure to comply with the rule in this respect is grounds for

dismissing the appeal. Smith v. State, 424 S.W.2d 953 (San Antonio, Tex.Civ.App., 1968, no writ hist.) ; Jahant v. Ogden, 424 S.W.2d 457 (San Antonio, Tex.Civ.App., 1968, no writ hist.) ; Alamo Federal Credit Union v. Celedon, 415 S.W.2d 717 (San Antonio, Tex.Civ.App., 1967, ref., n. r. e.), and Meridian Resources, Inc. v. Colley Gin Company, 430 S.W.2d 372 (Corpus Christi, Tex.Civ.App., 1968, no writ hist.).

■ Because the appellant failed in this case to give notice of appeal within the time prescribed in Rule 324 and because it did not file the statement of facts and transcript with the clerk of this Court within the 60 day period prescribed in Rule 386, the jurisdiction of this appellate Court has not been invoked. We do not have the authority under the record presented to us to consider the merits of this appeal because the appellant did not take the steps necessary to perfect the appeal, in the respects above pointed out, within the time periods prescribed by law. Under those circumstances we can only dismiss the appeal.

The appeal is dismissed at appellant's cost.

MASSEY, C. J., dissents.

MASSEY, Chief Justice (dissenting).

If I understand applicable language in McEwen v. Harrison, 162 Tex. 125, 345 S. W.2d 706, 710 (1961) then the appeal was timely perfected in this case.

There is no doubt that the trial court, upon the record made upon the late-filed motion for new trial—heard within 30 days of rendition of judgment and overruled on that day—was controlled by Craddock v. Sunshine Bus Lines, 134 Tex. 388, 133 S. W.2d 124 (Tex.Com.App., 1939). Under the rules of *Craddock* where there has been default judgment the party against whom the judgment is rendered has a minimum burden of allegation and proof on the hearing of his motion that judgment be set aside and a new trial granted.

By the opinion of the majority even if he who bore that burden of proof had so discharged it that as a matter of law the trial court was, under *Craddock,* bound to grant his motion (or if he failed to do so have it granted by the appellate court), may not have such relief on appeal if he learned of the judgment against him after the expiration of 10 days from date of judgment and therefore neither filed notice of appeal nor motion for new trial as provided by the Rules of Civil Procedure which, under settled law, have application when the defendant has participated on trial.

In other words, the majority holding is that where one who has suffered a default has his right to a new trial so dependent upon the application of the rules of *Craddock* by the trial court because he could not, absent the grant of a new trial there, show himself entitled to a new trial by taking an appeal by writ of error nor by filing a bill of review suit in the trial court; or, in other words, he is at the mercy of the trial court if his motion for new trial is not filed within 10 days regardless of the record he might make on a hearing of his motion, timely held.

(I am of the opinion that the record made on motion for new trial in such an instance would not constitute a proper part of the appellate record should there be an appeal taken by writ of error. Cases under Texas Digest, Appeal and Error, ☞865, "(Extent of review dependent on mode of review)—On appeal from judgment by confession or default or from orders relating thereto". On this I am in disagreement with my brethren. While of importance of consideration, even if I am in error there is certainly a greater burden upon one taking his appeal by writ of error than is the case where he may perfect an ordinary appeal.)

I quote from McEwen v. Harrison, supra, beginning at page 710 of 345 S.W.2d:

"Our construction of the Rule (T.R.C.P., 329b) will give a diligent defendant with a meritorious defense every opportunity to protect himself against an unwarranted default judgment. If he is not served with citation and learns of the judgment within 30 days after its rendition, he may file a motion for new trial, which the court is at liberty to grant, *and if his motion is overruled he may obtain relief by appeal*. If he does not learn of the judgment within 30 days after its rendition but does learn of it within six months, *and the invalidity of the judgment is disclosed by the papers on file in the case, he may obtain relief by prosecuting writ of error to a Court of Civil Appeals*." (Emphasis supplied.)

McEwen v. Harrison was a mandamus case and the language I have quoted therefrom constituted dicta. Further, it speaks specifically of a case where there has not been service of citation—a situation where the making of a record on a motion to set aside judgment and to grant a new trial would not be necessarily consequential for clearly the complainant could in any event win his case by prosecuting a writ of error appeal by showing absence of service of citation.

But to me the language quoted is not susceptible of a construction other than that there was contemplation of the regular or ordinary appeal when it wrote that if the complaining party's motion for new trial (whether or not filed within 10 days of the date judgment was rendered) is overruled "he may obtain relief by appeal". It is after the statement thereon was made that there was further mention made relative to the alternative of writ of error appeal.

And further, and in any event, I would consider it ridiculous to treat the quoted language as having relation only to an instance where there has been a failure to obtain service of citation and not to any other—such as that considered by the court in *Craddock*.

Rather do I construe McEwen v. Harrison to encompass *Craddock* and to extend its rule to any case where motion for new trial is filed—and heard within 30 days of the date judgment is rendered—while the jurisdiction of the trial court still obtains.

To so construe McEwen v. Harrison would be to construe our Rules of Civil Procedure so as to accomplish and not defeat justice. I reject a legal principle which might permit one who can conceal his default judgment for 10 days to believe "he has it made", or which would permit the judge who rendered it to know that the legal requirement upon the defendant upon the hearing of a late filed motion for new trial in the trial court will become changed so as to be more onerous upon the defendant in the appellate court should he attempt to prosecute a writ of error appeal upon having the late filed motion for new trial overruled.

If in the trial court the defendant in the case before us has demonstrated his right to have that court set aside the default judgment and to grant a new trial by the rules of *Craddock*, which relief was there denied, I would hold that he is entitled to obtain that relief at the hands of this appellate court by the rules of *Craddock*.

In writing this dissent I do not mean to imply that I have arrived at any opinion of a correct decision upon the merits of the appeal; I intend merely to show that I would not dismiss the appeal but would accept it and pass upon its merits.