**Melba Rheudell BURRELL, Appellant,**

v.

**J. R. CORNELIUS et al., Appellees.**

No. 1082.

Court of Civil Appeals of Texas, Tyler.

Oct. 20, 1977.

Rehearing Denied Dec. 8, 1977.

Ben L. Krage, Kasmir, Willingham & Krage, Dean Carlton, Dallas, for appellant.

Joe W. Lovelace, Lovelace & Thompson, Inc., Linden, James R. Cornelius, Jr., Zeleskey, Cornelius, Rogers, Berry & Hallmark, Lufkin, for appellees.

PER CURIAM.

This is a summary judgment case. Appellant brought this suit in the 115th Judicial District Court of Marion County to recover one-half of the purchase monies from the sale of homestead property. She alleged that appellees paid out the proceeds to other parties in contravention of her rights. Appellee answered and filed a cross-action in the same court. An order granting summary judgment in favor of appellee was signed by the Honorable Morris Rolston, District Judge, Marion County, on December 30, 1976, and filed on January 3, 1977. Said order disposed only of appellant's original cause of action and made no disposition of the appellee's cross-action.

An order was later signed by the Honorable Virgil Mulanax, Judge, 76th Judicial District Court of Marion County. The date that this order was signed is the crux of the problem. The only date, other than the clerk's file mark, appearing on the order is contained in the opening sentence, "BE IT REMEMBERED that on this 20th day of January, 1977 . . .." The order was filed on January 27, 1977, as was appellee's motion for non-suit on his cross-action. From the body of the order, it appears to be a response to appellee's motion for non-suit in the cross-action. However, nowhere in the order is it stated whether said motion is granted or denied. It does state that the earlier summary judgment "is hereby adopted by the Court as final judgment in this cause."

On February 3, 1977, appellant filed an original motion for new trial praying that the court's judgment of January 27 be set aside.

On February 23, 1977, appellant filed her cash bond for appeal and her amended motion for new trial. The transcript was filed in the Court of Civil Appeals on June 3, 1977.

Appellee moves to dismiss the appeal on the grounds that the Court of Civil Appeals has no jurisdiction due to the fact that the various steps for appeal were not taken within the time periods set out in the Rules of Civil Procedure. We are compelled to grant his motion.

Appellee, in support of his motion, suggests two dates from which the time for appeal should be measured, either of which would deprive this Court of jurisdiction.

First, appellee contends that the date of the summary judgment is the date from which appellant should take her various steps of appeal. Appellee relies on the Supreme Court's holding in *North East Independent School District v. Aldridge,* 400 S.W.2d 893 (Tex.1966). Judge Calvert states at page 897–8:

"When a judgment, not intrinsically interlocutory in character, is rendered and entered in a cause regularly set for a conventional trial on the merits . . . it will be *presumed* for appeal purposes that the Court intended to, and did, dispose of all parties legally before it and all issues made by the pleadings between such parties." [Emphasis added.]

Although many distinctions have been drawn, none are persuasive when applied to the facts of the case at bar. This rule would apply and we would have no jurisdiction were it not for certain matters appearing of record.

█ Appellee's cross-action was filed prior to his motion for summary judgment. The summary judgment made no mention of the cross-action. Therefore, matters appearing of record show the summary judgment to be intrinsically interlocutory since no disposition, impliedly or otherwise, was made of the pending cross-action. The cross-action was finally disposed of by Judge Mulanax's order. Also, this cause was never set for a conventional trial on the merits. The only setting appearing in the record was to hear appellee's motion for summary judgment. Finally, appellee himself presented for the court's consideration a motion for non-suit. No date appears on said motion except for the clerk's file mark of January 27, 1977. Appellee's own motion for non-suit rebuts any presumption of finality. The order granting summary judgment signed December 30, 1976, was not a final judgment. Therefore, the time periods for taking the various steps of appeal should be computed from the time of signing of the order by Judge Mulanax.

Appellee contends that the date of Judge Mulanax's order is January 20, 1977, while appellant contends that the order was signed on January 27, 1977. Appellant further presents for our consideration, by way of supplemental transcript, a certificate of Judge Mulanax reciting the date of signature to be January 27, 1977.

In determining the periods within which the various steps for appeal must be taken, the date of rendition of a judgment or order shall be deemed to be the date upon which the written draft thereof was signed by the judge as stated therein. In the event the date of signing of a judgment or order is not shown therein as required, then the date of rendition shall be otherwise shown of *record.* T.R.C.P. 306a.

█ The face of the judgment itself is determinative of when the judgment was rendered for the purpose of appeal. *Cox v. Payne,* 231 S.W.2d 957, 958 (Tex.Civ.App.—Amarillo 1950, no writ); *Dean v. Warren,* 464 S.W.2d 672 (Tex.Civ.App.—Tyler 1971, no writ). The filing of the judgment by the clerk of the trial court is without force and effect to establish the date of the judgment. *Heard v. Heard,* 305 S.W.2d 231 (Tex.Civ.App.—Galveston 1957, writ ref'd); *First National Bank of Mineola v. Farmers & Merchants State Bank,* 417 S.W.2d 317 (Tex.Civ.App.—Tyler 1967, writ ref'd n. r. e.).

■ Appellant cites *Sharp v. Knowles,* 474 S.W.2d 956 (Tex.Civ.App.—Tyler 1971, no writ), in support of his contention that we may consider Judge Mulanax's certificate in determining the date of signature. We disagree.

In *Sharp,* we did not vary from the above rules. While we may not consider extraneous statements to determine the date of judgment, said date may "be otherwise shown of record." T.R.C.P. 306a. In *Sharp,* appellant filed of record a judgment nunc pro tunc which provided the true and correct date of judgment. T.R.C.P. 316. Therefore, we did not look beyond the face of the judgment as appellant contends. We would be going beyond the face of the judgment and the above rules if we considered Judge Mulanax's certificate. Therefore, we cannot look to Judge Mulanax's certificate to confer jurisdiction upon this court. We are bound by the date appearing on the order, January 20, 1977.

■ An original motion for new trial must be filed within ten (10) days after the judgment or other order complained of is rendered. T.R.C.P. 329b 1. The filing of a motion for new trial after ten days have expired and before thirty days have expired since the rendition of the judgment shall not operate to extend the court's jurisdiction over the judgment for a period of more than thirty days from the date of rendition of judgment. T.R.C.P. 329b 5. Where a motion for new trial is filed after the ten-day period, the time periods for the remaining steps of appeal are computed from the date judgment was rendered. See *Thomas v. Davis,* 553 S.W.2d 624 (Tex.1977).

Whenever a bond for costs on appeal is required, such bond shall be filed within thirty days after rendition of judgment. T.R.C.P. 354, 356(a).

In an appeal the appellant shall file the transcript and statement of facts with the clerk of the Court of Civil Appeals within sixty days from the rendition of the final judgment or order overruling motion for new trial. T.R.C.P. 386.

■ Accordingly, January 20, 1977, being the date of judgment shown of record, neither the appeal bond nor the transcript and statement of facts were filed within the required time periods. Therefore, this court has no jurisdiction of this appeal. *Thomas v. Davis,* 553 S.W.2d 624 (Tex.1977), *Midland-Guardian Co. v. Mercantile Credit Corp.,* 516 S.W.2d 246 (Tex.Civ.App.—Fort Worth 1974, writ ref'd n. r. e.); *Sharp v. Knowles,* 474 S.W.2d 956 (Tex.Civ.App.—Tyler 1971, no writ); *Horner v. Seiders,* 371 S.W.2d 416 (Tex.Civ.App.—Austin 1963, writ ref'd n. r. e).

Appellees' Motion to dismiss is hereby granted, and the appeal is accordingly dismissed.