Melba Rheudell BURRELL, Petitioner,

v.

J. R. CORNELIUS, Individually, et al., Respondents.

No. B-7303.

Supreme Court of Texas.

July 12, 1978.

Rehearing Denied Oct. 4, 1978.

Kasmir, Willingham & Krage, Ben L. Krage, Dallas, for petitioner.

Lovelace & Thompson, Inc., Joe W. Lovelace, Linden, Zeleskey, Cornelius, Rogers, Berry & Hallmark, James R. Cornelius, Jr., Lufkin, for respondents.

POPE, Justice.

Melba Burrell instituted suit against J. R. Cornelius individually and doing business as the C. & H. Abstract Company to recover a sum equal to one-half of the proceeds from the sale of what she says was a community homestead. She asserts that defendant wrongfully disbursed her share of the funds to other persons. The defendant Cornelius answered, filed a counterclaim against the plaintiff, and also filed a third-party action against Ben L. Krage. Defendant Cornelius then filed a motion for summary judgment, and the trial court rendered an interlocutory summary judgment that the plaintiff take nothing. Defendant Cornelius later filed a motion for non-suit on his cross-action and third-party action which the court granted, making final the interlocutory summary judgment.

The court of civil appeals, being of the opinion that Mrs. Burrell had not timely filed her motion for new trial, dismissed her appeal. The omission of the date that the judge signed the order making final the summary judgment has created this appellate problem.[1] The order states that the motion for non-suit was considered on January 20, 1977, but it is silent about the date the judge signed the order. Plaintiff Burrell did not file her motion for new trial until February 3, 1977, and since a motion for new trial must be filed within ten days (Tex.R.Civ.P. 329b), the motion was out of time if January 20 was the date from which appeal time must be counted.[2] The court of civil appeals so ruled and dismissed the appeal. 559 S.W.2d 96. We reverse the judgment of the court of civil appeals and remand the cause to that court to dispose of the cause upon the merits.

■ The trial court's order states that the motion for non-suit came on for consideration "on this 20th day of January, 1977," but the clerk's file date that was written on the motion for non-suit shows that the motion itself was not filed until January 27. Tex.Rev.Civ.Stat.Ann. art. 1899. January 20 was an impossible date either for the court to have considered or to have rendered judgment on the motion for non-suit that was not yet filed. January 27 was the earliest possible date that the trial judge could have ruled upon the motion for non-suit, and since the motion for new trial was filed on February 3, it was well within the ten days required by Rule 329b. All other appellate steps, when dated from February 3, were timely and need not here be detailed. We hold, therefore, that appellant Burrell timely perfected her appeal.

The intended purpose for Rule 306a, Tex.R.Civ.P., is to fix a date certain from which appellate steps can be taken.[3] The judgments and orders that come before this court show that some members of the bench and trial bar, as in this case, are careless in the observance of the rule. The current

---

1. ORDER

BE IT REMEMBERED that on this 20th day of January, 1977 there came on for consideration the Motion of J. R. Cornelius, Defendant and Cross-Plaintiff herein having permission to take a non-suit on the Cross-Action filed against the Plaintiff, Melba Rheudell Burrell and the Cross-Defendant, Ben L. Krage, and the Alternative Defendant, Sidney Burrell.

The 76th Judicial District Court having heretofore on the 22nd day of December, 1976 granted Summary Judgment in favor of the Defendant and said Judgment is hereby adopted by the Court as final Judgment in this cause.

The Plaintiff, Melba Rheudell Burrell hereby given [sic] notice in open court to the Court of Civil Appeals for the Sixth Judicial District, Sitting at Texarkana, Texas and she is hereby given the statutory time in which to file a Transcript and Statement of Facts.
/s/ Virgil E. Mulanax
Judge

2. Since January 1, 1978, a motion for new trial is not a required predicate for an appeal. Rule 324.

3. Rule 306a. Date of Judgment, Etc.
Judges are directed to cause, and attorneys and clerks are directed to use their efforts to

form books contribute to the problem and need to be corrected and revised to conform with the rule that was adopted in 1946. Many forms that are still published as correct examples are really appellate snares and traps. The rule is not satisfied by a recital in a judgment or order of the date that a matter comes on for trial or hearing but then leaves unstated the date that the judge signs the document, which is usually at a later date. *See* R. Stayton, Texas Forms §§ 3004, 3011, 3012, 3024 (1960). Other forms contained in current form books conclude with the faulty phrase, "Entered on this _____ day of _____." *See* A. Mitchell & A. Gilbert, 11 Texas Practice, Methods of Practice § 623 (1970).

■ Judges render judgment; clerks enter them on the minutes. *Coleman v. Zapp,* 105 Tex. 491, 151 S.W. 1040 (1912). The entry of a judgment is the clerk's record in the minutes of the court. "Entered" is synonymous with neither "Signed" nor "Rendered." *Bostwick v. Bucklin,* 144 Tex. 375, 190 S.W.2d 818 (1945); *Polis v. Alford,* 267 S.W.2d 918 (Tex.Civ.App.—San Antonio 1954, no writ). The day a judge signs an order is frequently, perhaps usually, after the time the judgment is rendered and surely it is before the judgment is entered. 4 R. McDonald, Texas Civil Practice § 17.06 (1971). Rule 306a says that time commences to run for appellate steps when the judge "signs" the order. Fortunately in this case, the clerk's official notation of the filing date on the motion for non-suit supplies official information showing that the appellant timely filed her motion for new trial. The court also corrected the date in the judgment as a clerical error by changing the January 20 date to January 27. Rule 306a states that the date of rendition of a judgment may be otherwise shown of record in the event the date of signing of a judgment or order is not shown as required by the rule.

■ It is the trial judge's ultimate responsibility to read every judgment and order, however long and however many, and to correct every judgment and order that ignores Rule 306a. Law professors should teach, writers of legal form books should so correct their books, lawyers should so draft documents, and judges should make certain that above the signature on each judgment or order there are the words: "Signed this _____ day of _____, 19___."

The judgment of the court of civil appeals dismissing the appeal is vacated and this cause is remanded to the court of civil appeals for disposition on the merits.

cause all judgments, decisions, and orders of any kind to be reduced to writing and signed by the trial judge and the date of signing stated therein; but absence of any such showing shall not invalidate any judgment or order.

In determining the periods within which the various steps of an appeal must be taken, the date of rendition of a judgment or order shall be deemed to be the date upon which the written draft thereof was signed by the trial judge as stated therein. This rule shall apply in determining the time within which to file a motion for new trial, notice of appeal, appeal bond or affidavit in lieu thereof, bills of exceptions, statements of facts in trial and appellate court, transcript in appellate court, petition for writ of error if appeal is by writ of error, or other procedure in connection with appeal; but this rule shall not be construed as determining what constitutes rendition of a judgment or order in any other situation or for any other purpose. In event the date of signing of a judgment or order is not shown therein as required above, then the date of rendition shall be otherwise shown of record.