OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



July 26, 2000

The Honorable Jeri Yenne
Brazoria County Criminal District Attorney
111 East Locust, Suite 408A
Angleton, Texas 77515

Opinion No. JC-0259

Re: Whether a recent amendment to article 42.01, section 2 of the Code of Criminal Procedure precludes a court clerk from preparing a judgment (RQ-0198-JC)

Dear Ms. Yenne:

On behalf of the district clerk of your county, you ask whether a recent amendment to article 42.01, section 2 of the Code of Criminal Procedure precludes a court clerk from preparing a judgment. We conclude that section 2 does not preclude a court clerk from preparing a judgment, but that a court clerk may prepare a judgment only under the supervision of an attorney. It is for the judge ordering a court clerk to prepare a judgment to determine which attorney will supervise the clerk and what that supervision will entail.

We begin with a brief review of article 42.01, which sets forth the purpose and requisites of criminal judgments. Article 42.01 declares that "[a] judgment is the written declaration of the court signed by the trial judge and entered of record showing the conviction or acquittal of the defendant. The sentence served shall be based on the information contained in the judgment." TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1 (Vernon Supp. 2000). A 1985 opinion of this office explained the significance of the article 42.01, section 1 requirement that a judge sign a judgment:

> A judge signs a variety of orders in criminal cases. *See* Code Crim. Proc. art. 42.01 (defining a "judgment" as a "written declaration of the court signed by the trial judge and entered of record"). The purpose of a judge's signature on such instruments is to show his knowledge and approval of the contents. *See Bustillos v. State*, 213 S.W.2d 837, 841 (Tex. Crim. App. 1948), quoting *In re Walker's Estate*, 110 Cal. 387, 42 P. 815, 816 (1895). It is the responsibility of the judge to read every judgment and order. *See Burrell v. Cornelius*, 570 S.W.2d 382, 384 (Tex. 1978). The signature signifies that he has done so.

Tex. Att'y Gen. Op. No. JM-373 (1985) at 1. Section 1 also prescribes an extensive list of items that must be reflected in a judgment, such as the title and number of the case, the defendant's plea, and

the jury verdict or finding of the court, and the sentence. *See* TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1(1)-(27) (Vernon Supp. 2000).

You ask about section 2 of article 42.01, which provides for the preparation of judgments. Prior to September 1, 1999, section 2 provided that "[t]he judge may order *the clerk of the court*, the prosecuting attorney, or the attorney or attorneys representing any defendant, to prepare the judgment, or the court may prepare the same." Act of Apr. 24, 1975, 64th Leg., R.S., ch. 95, § 1, 1975 Tex. Gen. Laws 245 (emphasis added) (adding section 2 to TEX. CODE CRIM. PROC. ANN. art. 42.01). The Seventy-sixth Legislature amended section 2 in Senate Bill 577 so that it now provides that "[t]he judge may order the prosecuting attorney, or the attorney or attorneys representing any defendant, *or the court clerk under the supervision of an attorney*, to prepare the judgment, or the court may prepare the same." Act of May 22, 1999, 76th Leg., R.S., ch. 580, § 6, 1999 Tex. Gen. Laws 3119, 3121 (emphasis added) (amending TEX. CODE CRIM. PROC. ANN. art. 42.01, § 2).

You state that judgments in your county have been prepared by deputy district clerks at the request of the court. The forms used for the judgments were drafted by a district court judge and the deputy district clerks merely fill in the blanks. *See* Letter from Honorable Jeri Yenne, Brazoria County Criminal District Attorney, to Honorable John Cornyn, Attorney General, at 1 (Mar. 1, 2000) (on file with Opinion Committee) [hereinafter "Request Letter"]. The district clerk in your county is concerned that the amendment to section 2 precludes the district clerk's office from preparing judgments because the office does not employ an attorney to supervise the preparation. *See id.* at 2. On the other hand, you suggest that the fact that the forms in your county were prepared by a judge and that a judge must review a judgment before signing it "is the type of supervision envisioned by the legislature." *Id.*

Keeping in mind the maxim that "the legislature is never presumed to do a useless act," *Hunter v. Fort Worth Capital Corp.*, 620 S.W.2d 547, 551 (Tex. 1981), we must give meaning to the 1999 amendment to section 2 of article 42.01 and must work from the assumption that the legislature intended to change the law. Prior to September 1, 1999, section 2 authorized a judge to order the clerk of the court to prepare a judgment. Such judgments were ultimately signed by the judge, as required by section 1. Section 2 now authorizes a judge to order "the court clerk under the supervision of an attorney" to prepare a judgment. Clearly, court clerks may prepare judgments, but they are no longer authorized to do so without an attorney's supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 42.01, § 2 (Vernon Supp. 2000) ("[t]he judge may order the prosecuting attorney, or the attorney or attorneys representing any defendant, *or the court clerk under the supervision of an attorney*, to prepare the judgment, or the court may prepare the same.") (emphasis added); *see also* SENATE COMM. ON CRIMINAL JUSTICE, BILL ANALYSIS, Tex. S.B. 577, 76th Leg., R.S. (1999) (Committee Report dated April 6, 1999) (noting that "[i]n the course of their duties regarding criminal proceedings, clerks currently maintain several duties and practices impractical or improper" and describing Senate Bill 577 as "creating a prohibition to prepare judgments without a supervising attorney"). Furthermore, because judges were required to review and sign judgments under section 1 prior to the amendment to section 2, *see* Tex. Att'y Gen. Op. No. JM-373 (1985) at 1, we do not believe that that type of review is what the legislature meant in the 1999 amendment by "supervision

of an attorney." In sum, although it is not correct to construe section 2 to preclude court clerks from preparing judgments altogether, we disagree with the view that the fact that the forms have been prepared by a judge and that a judge must review a judgment before signing it is the type of supervision envisioned by the legislature. We conclude that an attorney must supervise a court clerk in preparing a judgment under article 42.01, prior to the judge's final review of the judgment.

You ask us to define "supervision" for purposes of section 2. *See* Request Letter at 2. We believe that the legislature, in using the broad term "under the supervision of an attorney" and not specifying a particular attorney to supervise, intended to vest judges with discretion with regard to the execution of the attorney supervision requirement. This construction is consistent with the remainder of section 2, which gives a judge latitude in determining how a judgment will be prepared. In addition to permitting a judge to order the court clerk to prepare a judgment, section 2 also provides that the judge may undertake the task or order the prosecuting or defense attorney to prepare the judgment. *See* TEX. CODE CRIM. PROC. ANN. art. 42.01, § 2 (Vernon Supp. 2000). Given the legislature's use of the nonspecific phrase "supervision of an attorney" and the discretion that section 2 otherwise vests in judges to arrange for the preparation of judgments, we conclude that it is within the discretion of a judge ordering a court clerk to prepare a judgment to determine which attorney will supervise the clerk and what that supervision will entail.

### S U M M A R Y

Article 42.01, section 2 of the Code of Criminal Procedure does not preclude a court clerk from preparing a judgment. However, a court clerk may prepare a judgment only under the supervision of an attorney. It is for the judge ordering a court clerk to prepare a judgment to determine which attorney will supervise the clerk and what that supervision will entail.

Yours very truly,

JOHN CORNYN
Attorney General of Texas


ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General - Opinion Committee