COURT
OF APPEALS

                                         SECOND
DISTRICT OF TEXAS

                                                     FORT
WORTH

 

 

                                           NO.
2-07-412-CV

 

 

ESTATE OF ALBERTA REESE CONNALLY,

DECEASED                                                                                           

 

                                                  ------------

 

                 FROM
PROBATE COURT NO.1 OF TARRANT COUNTY

 

                                                  ------------

 

                                  MEMORANDUM
OPINION[1]

 

                                                  ------------

 

I.  Introduction








Appellant Murphy Ward a/k/a
Mervin Leon Reese,[2]
a beneficiary under both the will and a trust signed by decedent Alberta Reese
Connally (Alberta), appeals from two orders entered by the probate court
denying his motion for declaratory judgment and denying his motion for summary
judgment.  In seven issues, Appellant
argues that the appointed judge abused his discretion by denying Appellant=s motion to recuse Judge King and that the probate court abused its
discretion by declaring that trust at issue had not been funded, by denying his
motion for constructive trust, by overruling his objections to the amended
inventory, and by denying his motion for sanctions.  We will affirm.

II.  Factual and Procedural Background

A.  The Will and the Unfunded Trust

In her will, Alberta
appointed Willie B. Scott Jones as independent executrix and bequeathed to her
all of Alberta=s personal
property, as well as the residuary.  The
will bequeathed Alberta=s home and
all related policies or proceeds of insurance to Lura W. Reese, Appellant, and
Nersis Reese Ferguson, per capita. 








Alberta thereafter signed a ARevocable One-Party Living Trust,@ naming Willie B. Jones as trustee. 
The trust instructed the trustee to sell Alberta=s home and the adjoining lot and to distribute the proceeds one-half
to Appellant and one-half to Marie Connally and the trustee.  The trust also instructed the trustee to sell
a 2001 Honda owned by Alberta, to place the proceeds into an account named for
Appellant, along with his part from the sale of the house and lot, and to
distribute a monthly check to him in the amount of $100.  Additionally, the trust document instructed
the trustee to sell Longview property owned by Alberta and to give one-third of
the proceeds to Marie Connally, one-third to the trustee, and one-third to the
account for Appellant to be distributed monthly.  The trust also named Appellant as the
beneficiary of all of the royalty rights owned by Alberta.  Thus, Appellant stood to gain more under the
trust than under the will.

After Alberta=s death, Jones applied for probate of the will and for the issuance of
letters testamentary.  Jones also filed
an application to determine the effect of the revocable trust, arguing that it
had never been funded. 

Based on her belief that the
trust had never been funded, Jones gave Appellant a document entitled AConsent To Probate Of The Will Of Alberta Reese Connally And Waiver Of
Any Claim Under A Revocable Trust,@ which he signed.  The document
states that Appellant is a beneficiary under both the will and the trust, that
the trust was never funded, that he joins in the petition for probate of
Alberta=s will, and that he disclaims any and all interest in the trust.  Beneficiary Marie Connally signed a similar
document, disclaiming her interest in the trust.  

Thereafter, the probate court
signed an order admitting the will to probate. 
Jones subsequently filed an inventory, appraisement, and list of claims,
which the probate court approved. 

 

 








B.  Appellant=s
Request for Declaratory Judgment and 

Complaints
Regarding the Inventory

 

Approximately fourteen months
after the probate court approved the inventory Appellant filed a request for a
declaratory judgment, requesting that the probate court make eight declarations
regarding the trust.  Appellant also
filed a AComplaint For Additional Inventory,@ complaining that the inventory filed by Jones failed to include the
name listed on a Bank One account, the name of the company issuing the oil
royalty checks, and information about the listed property in California.  








The probate court held a
telephonic hearing on Appellant=s complaint for additional inventory.[3]  Approximately a month later, on March 22,
2007, the probate court sent a letter to the parties stating that A[a]s I indicate[d] during our telephonic hearing, I am granting the
complaint for additional inventory, but I am declining to find the trust was
ever funded.@  The probate court instructed Jones that the
inventory should reflect more specific information on the bank accounts and
royalty interests and that the reference to the California property should be
deleted because the probate court did not have jurisdiction over property
located outside Texas.  Jones thereafter
complied with the probate court=s instructions and filed an amended inventory. 

C.  Recusal Refused

Before the probate court
could sign a written order memorializing his rulings concerning the telephonic
conference, Appellant filed a motion to recuse Judge King.  Judge Joe Loving was assigned to hear
Appellant=s motion to
recuse and denied it.  

D.  Dueling Motions

Appellant thereafter filed a
motion to impose a constructive trust, arguing that the probate court should
impose a constructive trust over Aall the property listed and unlisted within the inventory because
fraud was committed against the Trust Estate and its beneficiaries.@  Specifically, Appellant
contended that the trust had been funded and that the trustee and her attorney
fraudulently obtained the waiver of Appellant=s interest in the trust.  








In response, Jones filed a
motion for summary judgment and objection to Appellant=s motion for constructive trust. 
Jones argued that Appellant=s motion for constructive trust was without merit and that the relief
he sought was barred by the doctrine of res judicata because the probate court
had already ruled that the trust was never funded.  Jones also asked that the probate court
consider appointing an attorney ad litem to represent Appellant because he
continued to file allegedly meritless motions. 


Appellant filed a response to
Jones=s res judicata motion for summary judgment, arguing that Jones could
not show that the trial court had ruled on the issue of whether the trust had
been funded.  Appellant also claimed that
he was entitled to summary judgment as a matter of law on his motion to impose
a constructive trust because the executrix committed had fraud against the
trust estate.  

Jones thereafter filed a
motion for sanctions.  In the sanctions
motion, Jones again urged the probate court to appoint an attorney ad litem for
Appellant because of the allegedly meritless pro se motions Appellant had filed.  Appellant responded to the sanctions motion
and filed a cross-motion for sanctions. 

E.  Rulings on the Dueling Motions








On October 9, 2007, the
probate court held a telephonic hearing on the motions it had before it,
including both parties= motions for
summary judgment, Appellant=s motion for constructive trust, and both parties= motions for sanctions.  At the
outset of the hearing, the probate court announced that it was not going to
grant either party=s motion for
sanctions.  Appellant argued in support
of his motion for summary judgment that he was misled by Jones and her attorney
into waiving his rights under the trust. 
Appellant admitted that he was not initially aware that both the will
and the trust had been filed with the probate court but that he had received a
copy of both documents.  Appellant also
stated that he was not aware that the probate court had ruled against him on
the trust and that he had not received a final judgment. 

The probate court stated on
the record,

[Appellant] in the March 22nd communication from
the Court to you, as well to [Jones=s counsel], there was a rendition
of judgment.  A formal judgment has not
been signed because of your motion to recuse the Court.  Until that was resolved, I was unable to act
on anything pending before the Court.

Based on
review of the pleadings and the evidence submitted, I=m going to decline to grant your motion for summary judgment on the
basis that the Court has previously ruled and rendered judgment following the
March B I believe it was the hearing on the declaratory judgment where you
indicated that the trust had not been funded and therefore was not in existence
or active and that the will was the dispositive document for [Alberta=s] estate. 

Appellant asked the probate
court to rule that the waiver was invalid or void.  The probate court, however, denied his
request, stating that such relief had not been prayed for and that the matter
had already been determined at the last telephonic hearing.  The probate court explained to Appellant that
Ares judicata says that everything that was ruled upon or that could
have been ruled upon is now foreclosed.@ 








The next day, on October 10,
2007, the probate court signed two orders. 
One order denied Appellant=s motion for summary judgment, denied the motions for sanctions filed
by both parties, and denied the motion for the appointment of an ad litem for
Appellant.  The second order denied
Appellant=s motion for
declaratory judgment, stating Athat the inter vivos trust of the Decedent herein dated
December 23, 2004, was never funded@; ordered that the inventory should be amended; and stated that A[a]ll other relief sought by either party herein and not granted hereby
is expressly denied.@[4]  Appellant appeals the two
orders signed on October 10, 2007. 








III.  Motion to Recuse

In his sixth issue, Appellant
contends that the appointed judge, Judge Joe Loving, should have granted
Appellant=s motion to
recuse the judge of the probate court, Judge King.  Specifically, Appellant argues that he was
mistreated by the court clerk, whom Judge King should have required to be
courteous to litigants under Code of Judicial Conduct Canon 3B(4), and that
Judge King refused to make determinations regarding alleged wrongdoing by Jones=s counsel.  See Tex. Code
Jud. Conduct, Canon 3B(4), reprinted in Tex. Gov=t Code Ann., tit. 2, subtit. G app. B (Vernon 1997).  Jones responds that Appellant offered no
evidence during the telephonic hearing to question the integrity of Judge King
or to indicate that he was biased. 

The denial of a motion to
recuse is reviewed under an abuse of discretion standard on appeal.  See Tex. R. Civ. P. 18a(f).  The Texas Supreme Court has stated,

>[J]udicial
rulings alone almost never constitute a valid basis for a bias or partiality
motion,= and opinions the judge forms during a trial do not necessitate
recusal >unless they display a deep-seated favoritism or antagonism that would
make fair judgment impossible.  Thus,
judicial remarks during the course of a trial that are critical or disapproving
of, or even hostile to, counsel, the parties, or their cases, ordinarily do not
support a bias or partiality challenge.=








Dow Chem. Co. v. Francis, 46 S.W.3d 237, 240B41 (Tex. 2001) (quoting Liteky v. United States, 510 U.S. 540,
555, 114 S. Ct. 1147, 1157 (1994)). 
Furthermore, expressions of impatience, dissatisfaction, annoyance, and
even anger do not establish bias or partiality. 
Id. at 240.  AA judge=s ordinary
efforts at courtroom administrationCeven a stern and short-tempered judge=s ordinary efforts at courtroom administrationCremain immune.@  Id. (quoting Liteky, 510 U.S.
at 556, 114 S. Ct. at 1157).

Here, we have no record from
the telephonic conference held by Judge Loving. 
The record, however, that we do have before us does not support recusal.  As noted above, any remarks made by the court
clerk to Appellant would not support a bias challenge.  Moreover, the record reveals that Judge King
made every effort to accommodate Appellant, who is in prison, by holding
telephonic hearings on the motions he filed and that he granted Appellant=s motion to have Jones amend the inventory.  Having reviewed the record, we hold that
Judge King did not demonstrate a bias that would support recusal.  See In re K.M.K., No. 04-02-00144-CV,
2002 WL 31760938, at *1 (Tex. App.CSan Antonio Dec. 11, 2002, pet. denied) (holding that, after reviewing
the record, neither judge demonstrated a bias that would support recusal), cert.
denied, 540 U.S. 1127 (2004).  We
overrule Appellant=s sixth
issue.

 

 

 








IV.  Declaratory Judgment

A.  Alleged Failure to Enter a Declaratory
Judgment

In his first issue, Appellant
argues that the probate court abused its discretion when it allegedly refused
to render or enter a declaratory judgment in the case.  Specifically, Appellant interprets the
probate court=s statement
at the February 13, 2007 telephonic hearing that it was Adeclining to find the trust was ever funded@ as a refusal to enter a declaratory judgment.  However, Appellant=s first issue does not comport with his other issues on appeal in
which he complains that the probate court abused its discretion Awhen it rend[ered] judgment against the appellant=s delcaratory judgment@ and Awhen it
denied the appellant=s motion for
declaratory judgment relief.@  Because the record
demonstrates that the trial court entered a negative declarationCdeclaring that the trust was never fundedCon Appellant=s motion for
declaratory judgment, we overrule Appellant=s first issue.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 37.003(b) (Vernon 2008) (permitting the declaration to be either
affirmative or negative in form and effect).

B.  Effect of Declaratory Judgment








In his second through fourth
issues, Appellant argues that the probate court abused its discretion by
rendering judgment against his motion for declaratory judgment; by granting
Jones=s res judicata defense, thereby denying his motion for the imposition
of a constructive trust; and by denying his motion for summary judgment.  Because all three of Appellant=s arguments center around the probate court=s declaration that the trust was never funded, we begin with the
declaratory judgment.

We review declaratory
judgments under the same standards as other judgments and decrees.  See Tex. Civ. Prac. & Rem. Code
Ann. ' 37.010 (Vernon 2008).  The
trial court=s decision,
being one of law, will be upheld on appeal if it can be sustained on any legal
theory supported by the evidence.  In
re W.E.R., 669 S.W.2d 716, 717 (Tex. 1984); Truck Ins. Exch. v. Musick,
902 S.W.2d 68, 69B70 (Tex.
App.CFort Worth 1995, writ denied).

Here, the record contains
waivers from two of the beneficiaries of the trust, including Appellant.  The waiver specifically states that A[t]he Trust created was never funded so far as I can determine@ and that the beneficiary ADISCLAIM[S] any and all interest in the ALBERTA REESE CONNALLY TRUST
instrument.@  The record also contains a copy of the trust
instrument and an application to determine the effect of the revocable trust,
stating that the trust was never funded. 
Because the probate court had evidence before it to support its
declaration, we hold that the trial court did not abuse its discretion by
declaring that the trust at issue was never funded.








The trial court initially
announced this declaration in a letter to the parties on March 22, 2007.  Although Appellant did not believe that the
probate court=s letter of
March 22, 2007, constituted a rendition of judgment, his belief is not the
measure we use to determine whether judgment was rendered.

Rendition of judgment and
entry of judgment are distinct actions.  See
Burrell v. Cornelius, 570 S.W.2d 382, 384 (Tex. 1978).  Judgments usually go through three
stages:  rendition, reduction to writing,
and entry.  Oak Creek Homes, Inc. v.
Jones, 758 S.W.2d 288, 290 (Tex. App.CWaco 1988, no writ). A trial court renders judgment by oral
pronouncement of its decision in open court or by a signed, written memorandum
filed with the clerk.  S & A Rest.
Corp. v. Leal, 892 S.W.2d 855, 857B58 (Tex. 1995).  To constitute
rendition, the court=s
pronouncement Amust clearly
indicate the intent to render judgment at the time the words are expressed.@  Id. at 858.  After rendition, the trial court or the
prevailing party prepares a written judgment that is signed by the court.  In re Ruiz, 16 S.W.3d 921, 924 n.3
(Tex. App.CWaco 2000,
orig. proceeding).  After the court signs
the judgment, the trial court clerk enters the written judgment on the minutes
of the court.  Burrell, 570 S.W.2d
at 384.








Here, we do not have a record
from the telephonic hearing that was held on February 13, 2007, so we cannot
determine what was said in open court. 
However, the March 22, 2007 letter from the probate court to the parties
clearly constitutes a rendition of judgment based on the statement, AAs I indicate[d] during our telephonic hearing, I am granting the
complaint for additional inventory, but I am declining to find the trust was
ever funded.@  The probate court affirmed this in its
October 10, 2007 letter to the parties, explaining that judgment had been
rendered but that a formal judgment had not been signed due to the motion to
recuse.  We therefore hold that the
probate court rendered judgment on March 22, 2007, when it declared that the
trust had never been funded.








Because the probate court
rendered judgment on Appellant=s motion for declaratory judgment on March 22, 2007, it properly
granted Jones=s res
judicata defense when Appellant later filed a motion for constructive trust
arguing that he had been fraudulently induced into signing the waiver.  As the probate court noted, Appellant had never
asked prior to the declaration for the probate court to hold that the waiver he
signed was invalid or void.  Because of
Appellant=s failure to
timely ask for such relief, that issue was foreclosed after the probate court
declared that the trust had never been funded. 
See Welch v. Hrabar, 110 S.W.3d 601, 607 (Tex. App.CHouston [14th Dist.] 2003, pet. denied) (stating that res judicata
prevents the relitigation of adjudicated claims or claims that could have been
raised).  Moreover, the record
reveals that the property at issue had already been distributed to the heirs named
in the will, making Appellant=s request for the imposition of a constructive trust moot.  And because Appellant=s motion for summary judgment was based on the alleged necessity of a
constructive trust, the probate court did not abuse its discretion by denying
his motion for summary judgment in light of its previous rulings that declared
that the trust had never been funded and that Appellant=s argument for a constructive trust was barred by res judicata.

We therefore hold that the
probate court did not abuse its discretion by making the declaration, granting
Jones=s res judicata defense, and by denying Appellant=s motion for summary judgment. 
We overrule Appellant=s second through fourth issues.

V.  Objections
to Amended Inventory

In his fifth issue, Appellant
argues that the probate court erred by overruling his written objections to the
amended inventory, appraisement, and list of claims.  Jones responds that the probate court entered
an order that it felt the law required and that she complied with the order. 

The time line of events
related to the inventory follows:

October 12, 2005 Jones filed her initial Inventory. 

 

October 21, 2005 The probate court signed an order approving the
initial inventory. 

 








December 20, 2006      Appellant filed a complaint for an
additional inventory. 

 

February 13, 2007        Jones filed a response to Appellant=s
complaint for an additional inventory, and the probate court held a telephonic
hearing on Appellant=s
complaint for additional inventory. 

 

March 22, 2007            The probate court sent a letter to
the parties granting Appellant=s complaint for additional
inventory and specifying the changes Jones needed to make to the inventory. 

 

June 5, 2007               Jones filed the amended inventory
and a blank order approving the inventory. 

 

June 8, 2007               Appellant filed the motion to
recuse Judge King. 

 

June 19, 2007             Appellant filed a complaint
alleging that the amended inventory is erroneous. 

 

July 6, 2007                Judge Joe Loving denied
Appellant=s
motion to recuse. 

 

October 10, 2007 The probate court signed orders, including an
order related back to the February 13, 2007 telephonic hearing, which specified
how the inventory needed to be amended. 

 








The record before us does
not, however, contain a signed order approving the amended inventory nor does
it contain a ruling from the probate court on Appellant=s complaint to the amended inventory. 
Although one of the probate court=s orders from October 10, 2007, contains language that A[a]ll other relief sought by either party herein and not granted
hereby is expressly denied@ and would implicitly deny Appellant=s complaint, such language would not appear to encompass ruling on the
amended inventory, which needs to be either approved or disapprovedCnot denied.  Such a ruling on
the amended inventory is a prerequisite for Appellant to bring his complaint on
appeal.  See Anderson v.
Anderson, 535 S.W.2d 943, 944 (Tex. Civ. App.CWaco 1976, no writ) (stating that an order of the probate court
approving or modifying the inventory and appraisement has been held to be
appealable).  We therefore hold that
Appellant=s argument
complaining about the amended inventory is not ripe because there is no signed
order approving the amended inventory. 
We overrule Appellant=s fifth issue.

VI.  Motion for Sanctions








In his seventh issue,
Appellant argues that the probate court abused its discretion by denying his
motion for sanctions.  Specifically,
Appellant argues that Ato the
extent that the court denied the motion because the appellant put to its
attention that it had not [given] fair notice, that was an abuse of discretion,
because the law require[s] fair notice@ and that Ato the
extent that the court . . . already had his mind made up to deny the sanctions
without taking judicial notice of the evidence and without ever hearing
evidenceCthat was an abuse of discretion.@  Appellant contends that
because the probate court stated in its October 10, 2007 letter that A[t]he Motion for Appointment of an Ad Litem is not well taken and has
no basis in law,@ the
decision not to sanction Jones and her counsel was a clear abuse of
discretion.  Jones responds that
Appellant=s arguments
and the facts in the record fail to establish legal bases for the imposition of
sanctions. 

We review a ruling on a
motion for sanctions under an abuse of discretion standard.  Cire v. Cummings, 134 S.W.3d 835, 839
(Tex. 2004).  The test under this
standard Ais not
whether, in the opinion of the reviewing court, the facts present an
appropriate case for the trial court=s action, but >whether the
court acted without reference to any guiding rules and principles.=@  Id.  The trial court=s ruling should be reversed only if it was arbitrary or
unreasonable.  Id.  Moreover, rule 13 requires courts to presume
that pleadings are filed in good faith. 
Tex. R. App. P. 13; GTE Commc=ns Sys. Corp. v. Tanner, 856 S.W.2d
725, 731 (Tex. 1993).  The burden is on
the party moving for sanctions to overcome this presumption.  Tanner, 856 S.W.2d at 731.








Here, although the probate
court stated in its October 10, 2007 letter to the parties that A[t]he Motion for Appointment of an Ad Litem is not well taken and has
no basis in law,@ it had the
discretion to choose whether to award sanctions and chose not to.  After reviewing the record, we cannot say
that the probate court=s decision
was arbitrary or unreasonable.  We
therefore hold that the trial court did not abuse its discretion by denying
Appellant=s motion for
sanctions.  See Wilson v. Wachsmann,
No. 03-04-00504-CV, 2006 WL 1865522, at *6 (Tex. App.CAustin July 7, 2006, no pet.) (mem. op.) (concluding that district
court did not abuse its discretion by denying the Wilsons= motion for sanctions, which was based on filing groundless
pleadings); Yamaha Suzuki of Tex., Inc. v. Martinez, No. 10-02-00239-CV,
2004 WL 1588258, at *1B2 (Tex. App.CWaco July 14, 2004, pet. denied) (mem. op.) (holding that no abuse of
discretion occurred in the denial of the motion for sanctions even though the
party moving for sanctions contended that the other party had filed petitions
and affidavits that contained false statements).  We overrule Appellant=s seventh issue.

VII.  Conclusion

Having overruled Appellant=s seven issues, we affirm the two October 10, 2007 orders of the
probate court that Appellant challenges in this appeal.

 

 

SUE WALKER

JUSTICE

 

PANEL:
CAYCE, C.J.; LIVINGSTON and WALKER, JJ.

 

DELIVERED:  October 9, 2008











[1]See Tex. R. App. P. 47.4.





[2]Appellant
is currently incarcerated and is proceeding pro se on appeal, just as he did in
the probate court.





[3]The
appellate record does not contain a copy of the transcript from this hearing,
and it is unknown whether the hearing was recorded. 





[4]The
record includes a letter dated October 10, 2007, from the probate court to the
parties, which stated in pertinent part:

 

As I
indicated during our telephonic hearing, I am denying the Motion for Summary
Judgment filed by [Appellant], principally on the ground that the issues raised
have previously been ruled upon and are therefore res judicata.

Following
the telephonic hearing of February 13, 2007, the court made a rendition of
judgment which it forwarded to all parties by mail.  By the time [Jones=s
counsel] forwarded an order to me for signature, a motion to recuse had been
filed by [Appellant] and, consequently, the court could not act until the motion
to recuse had been resolved.

Further,
I am denying the motions of both parties for sanctions.

The
Motion for Appointment of an Ad Litem is not well taken and has no basis in
law.  Therefore, it will also be denied.

Enclosed with this
letter are copies of orders on:  1) the
February 13, 2007 hearing and 2) yesterday=s hearing.