**Affirmed and Memorandum Opinion filed February 4, 2020.**



**In the**

# Fourteenth Court of Appeals

---

### NO. 14-18-00279-CV

---

## JAMES SHEETS, R. DOUGLAS SCOTT, MICHAEL BELLEVILLE, AND LAW OFFICES OF CRAIG ZIMMERMAN, Appellants

**v.**

## AUTOGROUP PREMIER, INC. D/B/A ROGER BEASLEY MAZDA OF GEORGETOWN, Appellee

---

**On Appeal from the 368th District Court**
**Williamson County, Texas**
**Trial Court Cause No. 16-1025-C368**

---

## MEMORANDUM OPINION

After rendering summary judgment dismissing with prejudice appellant James Sheets's claims of deceptive-trade practices and fraud against appellee Autogroup Premier, Inc. d/b/a Roger Beasley Mazda of Georgetown ("Beasley"), the trial court assessed as sanctions $20,000 in attorney's fees jointly and severally against appellants (1) Sheets, (2) Sheets's attorneys R. Douglas Scott and Michael

Belleville, and (3) Scott's law firm Law Offices of Craig Zimmerman.[1] The trial court assessed these sanctions on four independent grounds. In three issues, appellants challenge only the first three of those grounds. As appellants have failed to challenge the fourth independent ground supporting the trial court's judgment, we affirm.

## I.   BACKGROUND

After the trial court rendered summary judgment in its favor, Beasley moved for attorney's fees on four independent grounds, under: (1) the Deceptive Trade Practices-Consumer Protection Act (DTPA), which provides for an award of fees upon a finding that a suit brought under the statute was groundless, *see* Tex. Bus. & Com. Code Ann. § 17.50(c); (2) Civil Practice and Remedies Code chapter 10, which addresses sanctions for frivolous pleadings, *see* Tex. Civ. Prac. & Rem. Code Ann. § 10.001–.006; (3) the Texas Rules of Civil Procedure, which addresses sanctions for suits that are groundless and brought in bad faith or for purposes or harassment, *see* Tex. R. Civ. P. 13; and (4) the trial court's authority to impose sanctions for spoliation, including awarding attorney's fees, *see Brookshire Bros., Ltd. v. Aldridge*, 438 S.W.3d 9, 21 (Tex. 2014) (citing Tex. R. Civ. P. 215.2–.3). After reviewing the motion and Sheets's response, the trial court sent an e-mail to the parties, which was filed with the clerk and which omitted any mention of spoliation:

> I have reviewed the motion for fees and the response provided. After review, I am granting the motion and ruling that attorney's [fees] are

---

[1] The Supreme Court of Texas ordered the Court of Appeals for the Third District of Texas to transfer this case (No. 03-18-00161-CV) to this court. Misc. Docket No. 18-9049 (Tex. Mar. 27, 2018), *see* Tex. Gov't Code Ann. §§ 73.001, .002. Because of the transfer, we decide the case in accordance with the precedent of the transferor court under principles of stare decisis if our decision otherwise would have been inconsistent with the transferor court's precedent. *See* Tex. R. App. 41.3.

warranted under 17.50(c) of the Business & Commerce Code, Chapter 10 of the CPRC, and Rule 13 of the TRCP. I am ordering reasonable fees in the amount of $20,000. Ms. Burgess, please prepare an[] order and submit to Mr. Scott for approval as to form and then send to me for signature. Let me know if you have any questions.

The trial court later signed a written judgment which, unlike its e-mail, included findings regarding spoliation of certain evidence, namely a vehicle turbocharger central to Sheets's claims:

> [] Plaintiff had the disputed TurboCharger removed from his vehicle and disposed of—just eight days before hiring an attorney to sue Beasley—and made no effort to preserve the TurboCharger so that Beasley could inspect it or present evidence about it.
>
> This suit is therefore groundless in law and fact under Texas Business and Commerce Code section 17.50(c). Further, Plaintiff's Original Petition, filed September 27, 2016, was signed in violation of Texas Civil Practice & Remedies Code §10.001 and Texas Rule of Civil Procedure 13. Plaintiff also spoliated evidence.
>
> a. Plaintiff's suit is groundless and brought in bad faith and for the purposes of harassment.
>
> b. Plaintiff's suit has no basis in law or fact and is not warranted by good faith arguments for the extension, modification, or reversal of existing law.
>
> c. Plaintiff's allegations and factual contentions have no evidentiary support, including that there was no basis in law or fact as to his standing under the DTPA and there was lack of evidentiary support of any misrepresentation, causation, damages, or unconscionable conduct.
>
> d. Plaintiff spoliated evidence because he had a duty to reasonably preserve the TurboCharger and intentionally or negligently breached that duty by failing to do so.
>
> IT IS THEREFORE ORDERED that Plaintiff James Sheets and his attorneys R. Douglas Scott (State Bar No. 24002920) and Michael Belleville (State Bar No. 24087159) and the Law Offices of Craig Zimmerman, jointly and severally, pay Beasley $20,000.00 in fees for this groundless suit.

. . . .

This is a final judgment disposing of all issues and claims.

Although appellants filed two sets of objections to Beasley's proposed judgment, appellants never objected to the inclusion of the portions of the judgment discussing spoliation. After the trial court signed the judgment, appellants did not file a motion for a new trial or a motion to alter, modify, or correct the judgment.

## II.   DISCUSSION

In three issues, appellants bring procedural challenges to the sanctions awarded under the DTPA, Civil Practice and Remedies Code chapter 10, and Texas Rule of Civil Procedure 13. In their first issue, appellants argue that "signature" sanctions under chapter 10 and Rule 13 were improperly assessed against Belleville because he did not sign the pleadings. In their second issue, appellants argue that the trial court was required to hold an evidentiary hearing before awarding sanctions under the DTPA, chapter 10, or Rule 13. In their third issue, appellants argue that the trial court's order was insufficiently specific to support an award of sanctions under the DTPA, chapter 10, or Rule 13.

All of this is for naught, however, if the trial court awarded sanctions on a fourth independent basis, spoliation.[2] The rule that an appellant must attack all

---

[2] Appellants' headings for their issues read:

**Issue 1:** <u>Signature Sanctions.</u> Did the Trial Court abuse its discretion by granting signature sanctions against Appellant Michael Belleville for a document he did not sign? [regarding sanctions under Tex. Civ. Prac. & Rem. Code Ann. § 10.001 and Tex. R. Civ. P. 13]

**Issue 2:** <u>No Hearing Held.</u> Did the Trial Court abuse its discretion by assessing sanctions against Appellants without first holding an evidentiary hearing? [regarding sanctions under Tex. Bus. & Com. Code Ann. § 17.50(c), Tex. Civ. Prac. & Rem. Code Ann. § 10.001, and Tex. R. Civ. P. 13]

**Issue 3:** <u>Sanctions Order Lacks Specificity.</u> Did the Trial Court abuse its

independent grounds supporting an order or judgment has been applied in many contexts, including judgments awarding monetary sanctions. *See Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970) (summary judgment must be challenged on all independent grounds); *Akhtar v. Leawood HOA, Inc.*, 525 S.W.3d 814, 819 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (award of monetary sanctions must be challenged on all independent grounds stated in order or judgment). Appellants claim the trial court did not impose sanctions on the basis of spoliation, relying on the trial court's e-mail, which made no mention of spoliation. Beasley disagrees, pointing to the trial court's discussion of sanctions in its signed judgment.

We must first address the interplay between the trial court's e-mail and its signed judgment, and to do that, we must consider the taxonomy of judgments under Texas law. A *rendered* judgment and a *signed* judgment are not synonymous.[3] Judgment is *rendered* "when the trial court officially announces its

---

> discretion by failing to specify the basis for its sanctions against Appellants with specificity? [regarding sanctions under Tex. Bus. & Com. Code Ann. § 17.50(c), Tex. Civ. Prac. & Rem. Code Ann. § 10.001, and Tex. R. Civ. P. 13]

Nowhere in the summary of the argument or argument sections of their original brief do appellants use the word "spoliation." While appellants make certain arguments concerning spoliation in their reply, a party generally may not raise issues for the first time in a reply brief. *See* Tex. R. App. P. 38.3; *Brown v. Green*, 302 S.W.3d 1, 13–14 (Tex. App.—Houston [14th Dist.] 2009, no pet.). Moreover, the arguments raised in reply center on appellants' contention that the trial court did not award sanctions on the basis of spoliation. As explained below, we disagree.

[3] There is yet a third type of judgment, the *entered* judgment, which refers to the clerical recording of the judgment:

> Judges render judgment; clerks enter them on the minutes. *Coleman v. Zapp*, 105 Tex. 491, 151 S.W. 1040 (1912). The entry of a judgment is the clerk's record in the minutes of the court. "Entered" is synonymous with neither "Signed" nor "Rendered." *Bostwick v. Bucklin*, 144 Tex. 375, 190 S.W. 818 (1945); *Polis v. Alford*, 267 S.W.2d 918 (Tex. Civ. App.—San Antonio 1954, no writ). The day a judge signs an order is frequently, perhaps usually, after the time the judgment is rendered and surely it is before the judgment is entered. 4 R. McDonald, Texas

decision in open court or by written memorandum filed with the clerk." *S & A Rest. Corp. v. Leal*, 892 S.W.2d 855, 857 (Tex. 1995); *see Coleman v. Zapp*, 151 S.W. 1040, 1041 (Tex. 1912) ("The judgment of a court is what the court pronounces. Its rendition is the judicial act by which the court settles and declares the decision of the law upon the matters at issue."). A letter, such as the trial court's e-mail, may serve as rendition of judgment provided it is filed with the clerk and clearly indicates "the intent to render judgment at the time the words are expressed," not at some future time. *S & A Rest. Corp.*, 892 S.W.2d. at 858.

Under the rules of civil and appellate procedure, however, appeal is taken from the *signed* judgment, which initiates deadlines for post-trial motions and appeals, provided the judgment disposes of all claims and parties.[4] Tex. R. Civ. P. 306a(1); Tex. R. App. P. 26.1; *see Burrell v. Cornelius*, 570 S.W.2d 382, 384 (Tex. 1978) ("Rule 306a says that time commences to run for appellate steps when the judge 'signs' the order."); *see also Goff v. Tuchscherer*, 627 S.W.2d 397, 398–99 (Tex. 1982) (appellate deadlines run from day trial court signs judgment, decision, or order, and letters to counsel are "not the kind of documents" from which appeal may be taken). Indeed, the purpose of Rule 306a's requirement of a "signed" judgment is "to fix a date certain from which appellate steps can be taken." *Burrell*, 570 S.W.2d at 383.[5] Once a judgment is reduced to writing and signed by

---

Civil Practice s 17.06 (1971).

*Burrell v. Cornelius*, 570 S.W.2d 382, 384 (Tex. 1978).

[4] *Lehmann v. Har-Con Corp.* sets forth the requirements a signed judgment must meet to become final and appealable. *See* 39 S.W.3d 191, 192–93 (Tex. 2001).

[5] In *Burrell*, the supreme court detailed the history, purpose, and operation of Rule 306a:

The intended purpose for Rule 306a [of the Texas Rules of Civil Procedure] is to fix a date certain from which appellate steps can be taken. The judgments and orders that come before this court show that some members of the bench and trial bar, as in this case, are careless in the observance of the rule. The current form books contribute to the problem and need to be corrected and revised to conform

the trial court, the parties have 30 days to file motions to modify, correct, or reform the judgment or for a new trial. *See* Tex. R. Civ. P. 306a(1), 329b(a), (g). Unless the trial court grants a new trial or modifies, corrects, or reforms the judgment during this period, the signed judgment becomes final at the expiration of the trial court's plenary power. *See* Tex. R. Civ. P. 329b.

Here, the trial court rendered judgment in its e-mail, which the court filed with the clerk, and which states that the court "is granting" Beasley's motion for attorney's fees. *See S & A Rest. Corp.*, 892 S.W.2d at 857–58; *Coleman*, 151 S.W. at 1041. This e-mail, however, is not the instrument from which this appeal is taken. *See Goff*, 627 S.W.2d at 398–99. Rather, it is the trial court's signed judgment, which became a final judgment at the expiration of the trial court's plenary power, that controls the disposition of this appeal. *See* Tex. R. Civ. P. 306a(1), 329b; Tex. R. App. P. 26.1; *Burrell*, 570 S.W.2d at 384.

What, then, does the signed, and now final, judgment say? Appellants argue that "nowhere in the [signed judgment] does the Trial Court state that it is granting any additional monetary sanctions against any party for *Brookshire Bros.*,"

---

with the rule that was adopted in 1946. Many forms that are still published as correct examples are really appellate snares and traps. The rule is not satisfied by a recital in a judgment or order of the date that a matter comes on for trial or hearing but then leaves unstated the date that the judge signs the document, which is usually at a later date. *See* R. Stayton, Texas Forms §§ 3004, 3011, 3012, 3024 (1960). Other forms contained in current form books conclude with the faulty phrase, "Entered on this_____ day of_____." *see* A. Mitchell & A. Gilbert, 11 Texas Practice, Methods of Practice § 623 (1970).

. . . .

It is the trial judge's ultimate responsibility to read every judgment and order, however long and however many, and to correct every judgment and order that ignores Rule 306a. Law professors should teach, writers of legal form books should so correct their books, lawyers should so draft documents, and judges should make certain that above the signature on each judgment or order there are the words: "Signed this_____ day of_____, 19___."

570 S.W.2d at 383–84 (footnote omitted).

apparently concluding that because the *Brookshire* case was not discussed, no spoliation sanctions were awarded. We disagree. The trial court's signed judgment plainly analyzed each of four grounds for monetary sanctions, including making specific findings concerning spoliation. The spoliation findings would have been unnecessary if the trial court had not intended to award monetary sanctions on the basis of spoliation. *See Constance v. Constance*, 544 S.W.2d 659, 660 (Tex. 1976) ("Judgments, like other written instruments, are to be construed as a whole toward the end of harmonizing and giving effect to all the court has written."). By its plain language, the trial court's signed judgment awarded monetary sanctions for attorney's fees on the basis of spoliation.[6]

Because the trial court's signed and final judgment assessed spoliation sanctions jointly and severally against appellants as an independent ground for awarding attorney's fees, and because appellants have not challenged this independent ground, we overrule their three issues. *See Akhtar*, 525 S.W.3d at 819.

## III. CONCLUSION

We affirm the final judgment of the trial court.

/s/     Charles A. Spain
           Justice

Panel consists of Justices Wise, Zimmerer, and Spain.

---

[6] To the extent appellants believe the inclusion of spoliation sanctions in the signed judgment was erroneous, it was their responsibility to challenge the contents of the signed judgment via a motion for a new trial, or a motion to alter, modify, or correct the judgment, which they did not do. *See* Tex. R. Civ. P. 329b(a), (g); *see also* Tex. R. App. P. 33.1(a) (general rule for preservation of error).

8