**Opinion issued December 9, 2025.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-24-00266-CV**

————————————

**BEVERLY CHANCEY, Appellant**

**V.**

**RUSSELL CHANCEY, Appellee**

---

**On Appeal from the 461st District Court**
**Brazoria County, Texas**
**Trial Court Case No. 115027-F**

---

**MEMORANDUM OPINION**

This is an appeal from the trial court's final decree of divorce entered on January 25, 2024. In three issues, appellant Beverly Chancey argues that (1) an adult child has no standing to intervene in her deceased father's divorce after his death, (2) the trial court abused its discretion by reinstating the divorce case after a

purported dismissal, and (3) an order wherein the parties and the trial court signed an agreement as to the disposition of property was not a final judgment. Appellee Amber Hamilton (decedent Russell Chancey's daughter from a prior marriage) argues that (1) she has standing and the right to intervene, (2) reinstatement was not an abuse of discretion, and (3) the dismissal was granted in error. We reverse the trial court's January 25, 2024 judgment and render judgment consistent with the trial court's July 27, 2022 judgment.

## Background

On October 21, 2021, Russell Chancey[1] (Russell) petitioned for divorce from appellant. On July 27, 2022, the Chanceys signed a rule 11 agreement[2] agreeing to the disposition of property. The rule 11 agreement consisted of handwritten entries on a printed form. The style of the case was handwritten at the top of the form, along with "Final Or[d]ers/Decree." There is a check-mark next to a printed line that says, "RULE 11 AGREEMENT (with entry to follow)." At the bottom of the first page, it says "'Beverly F. Chapman' – Name Change." Next to the pre-printed heading, "Property," there is handwriting that says "See Exhibit 'A.'" "Exhibit A" is an attached two-page table that purports to distribute the

---

[1] Neither Russell Chancey nor his estate is a party to this appeal.

[2] "Unless otherwise provided in these rules, no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record." TEX. R. CIV. P. 11.

parties' assets and liabilities. Under the "Property" heading, the document reads, "Respondent to have exclusive use and possession of the following property during the pendency of this suit – Real estate located at 2317 Parkview Drive, Pearland, TX 77581 confirmed as separate property of wife." Under "Debts," the document reads:

> Petitioner to pay the following debts during the pendency of the suit – to pay debts on property awarded to him and in his sole name.
>
> Respondent to pay the following debts during the pendency of the suit – to pay $20,000 to Petitioner secured by an interest bearing owelty lien on property awarded to wife located at 2317 Parkview Drive. To pay debts on property awarded to her and in her sole name, including but not limited to vehicles awarded to her.

The document is signed by Russell, Russell's attorney, appellant, appellant's attorney, and the trial court judge.

On December 9, 2022, counsel for Russell withdrew, alleging that "the attorneys [were] unable to effectively communicate with [Russell] in a manner consistent with good attorney-client relations." On January 5, 2023, counsel for appellant withdrew. The trial court did not enter a divorce decree before the withdrawal of both parties' counsel.

On October 5, 2023, Russell passed away. On November 22, 2023, through new counsel, appellant filed a suggestion of death and a motion to dismiss for want of prosecution. In the motion to dismiss, appellant claimed that "the parties

3

reconciled" after the July 27, 2022 agreement and before Russell's death. On November 27, 2023, the trial court dismissed the case for want of prosecution.

On December 11, 2023, appellee filed an instrument entitled "Verified Motion for New Trial or, Alternatively, Motion to Reinstate." In her motion, appellee argued that (1) the trial court committed error by granting the motion to dismiss when a final judgment of divorce had already been pronounced, rendered, and entered and (2) the trial court was required by rule 165(a)(3) of the Texas Rules of Civil Procedure to reinstate the case because dismissal was not intentional or the result of conscious indifference. In support of her motion, appellee attached as exhibits the rule 11 agreement and docket sheet. The docket sheet contained an entry for July 27, 2022, which read:

> Set on the merits. Parties and Attys. C. Lay and D. Thornton appeared. Record waived. Evidence presented. Divorce granted; No child born or adopted of the marriage; Property per Rule 11 agreement; Name change granted Beverly F. Chapman. Pronounced and rendered this date. EOJ August 25, 2022. PB

There was no written decree attached as an exhibit to appellee's motion.

Appellant moved to strike appellee's petition in intervention, arguing that (1) appellee had no post-judgment right to intervene; (2) appellee had no standing to intervene; and (3) the dismissal, not the oral pronouncement, was the final judgment. Appellant also filed a response to appellee's motion for new trial, arguing that: (1) there was no good cause for a new trial, (2) the rule 11 agreement

4

was not a final judgment, and (3) appellee's cited authority was distinguishable from the instant case because the cited case involved a proceeding that was recorded by court reporter and the instant case was not.

On January 9, 2024, the trial court held a hearing on the motion to strike, motion for new trial, and motion to reinstate. The trial court ultimately reinstated the case. At the hearing, the trial court set the entry date of January 25, 2024.

On January 25, 2024, the trial court signed a divorce decree. Although the document was titled "Agreed Final Decree of Divorce," it was not signed by either Russell or appellant.

On February 23, 2024, appellant filed a motion for new trial, arguing that (1) reinstatement after dismissal for want of prosecution was not authorized as no evidence was presented to show that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake, or that the failure has been otherwise reasonably explained; (2) the intervenor has no justiciable interest in the divorce; and (3) the rule 11 agreement did not make the divorce final, as it lacked finality language disposing of all claims and all parties.

## The Divorce Became Final on July 27, 2022

Appellant argues that the divorce was not final when it was pronounced and rendered from the bench. We disagree.

## A. Applicable Law

Reducing a decision to final judgment has three phases: (1) rendition, (2) signing, and (3) entry. *Baker v. Bizzle*, 687 S.W.3d 285, 291 (Tex. 2024) (citing *Burrell v. Cornelius*, 570 S.W.2d 382, 384 (Tex. 1978)). Rendition and signing are judicial acts that can, but need not, occur at the same time. *Id.* at 291. A judgment's "rendition" is "the judicial act by which the court settles and declares the decision of the law upon the matters at issue." *Id.* at 292 (quoting *Coleman v. Zapp*, 151 S.W. 1040, 1041 (Tex. 1912)). Entry is a clerical act undertaken by the clerk of the court. *Id.* at 291-92.

In *Baker v. Bizzle*, the Supreme Court of Texas recently reviewed the requirements for a final judgment in a divorce proceeding. 687 S.W.3d at 288. A husband and wife filed cross-petitions for divorce and tried the case to the bench. *Id.* At the end of the trial, the trial court orally pronounced the parties' divorce, but did not include the grounds on which the divorce was granted or divide the marital estate. *Id.* The trial court informed the parties that it would email them the decision. *Id.* Two weeks later, the trial court emailed the parties its ruling as to the grounds and disposition of property. *Baker*, 687 S.W.3d at 288-89. The trial court did not copy the court clerk on the email or otherwise submit it to the clerk for filing or entry into the record. *Id.* at 289. No written decree was submitted or signed, and the trial court twice warned the parties that the case would be

6

dismissed for want of prosecution if the decree was not submitted by a certain date. *Id*. The wife passed away. *Id*. at 290. The trial court subsequently entered a posthumous divorce decree. *Id*. The Supreme Court of Texas ultimately found that, without public pronouncement, the trial court had not rendered judgment prior to the wife's passing and lacked jurisdiction to enter the posthumous decree. *Id*. at 294-95.

In *Sargent v. Sargent*, the Fort Worth Court of Appeals recently applied *Baker* to uphold a judgment that was not a final decree of divorce. No. 02-24-00470-CV, 2025 WL 2627033 at *8 (Tex. App.—Fort Worth Sept. 11, 2025, no pet.). In *Sargent*, the parties reached an agreement during a bench trial on their divorce petitions. *Id*. at *1. The agreement was read into the record and the parties testified confirming the agreement. *Id*. The parties and their attorneys signed a copy of the agreement that contained the provisions read into the record. *Id*. The trial court signed the document, entitled "Judge's Order," and the clerk file-stamped it and entered it into the record. *Sargent*, 2025 WL 2627033 at *1. Before the trial court signed the final decree, the wife moved to revoke her consent to the agreement and moved for a new trial. *Id*. The trial court denied the wife's motion and entered a decree in accordance with the parties' earlier agreement. In its conclusions of law, the trial court stated that, where the trial court had adopted the parties' agreement as an order of the court, "[t]he signing of a Decree [wa]s a

7

ministerial act which does not affect the judgment entered by the [c]ourt." *Id*. at \*3. The court of appeals agreed with the trial court, reasoning that the file-stamped document entitled "Judge's Order" evidenced a present intent by the trial court to render judgment on the date the "Judge's Order" was signed. *Id*. at \*4.

**B.    Analysis**

The instant case is somewhat distinguishable from *Sargent*, in that it lacks a reporter's record. However, here there are two documents in the clerk's record that reflect the trial court's actions on July 27, 2022. According to the Judicial Docket Sheet, the trial court granted the divorce and divided the parties' property per their written agreement. The trial court also granted appellant's name change. According to the docket sheet, the decision was "[p]ronounced and rendered this date." On the same day, the parties and the trial court signed the document entitled both "Final OR[D]ERS/Decree" and "RULE 11 AGREEMENT (with entry to follow)" and filed it with the court clerk. As in *Sargent*, the trial court entered its judgment in this case when it rendered and signed this document. 2025 WL 2627033 at \*4. Both the Judicial Docket Sheet and the fact that the document was filed with the clerk as part of the public record indicate that, unlike the trial court in *Baker*, the trial court intended to make its ruling public on July 27, 2022.

Appellant argues that the "Final OR[D]ERS/Decree" document is not final because it leaves the disposition of certain items of property unresolved. Appellant

lists her own retirement account, credit cards, bank accounts, art, and mementos, but there is no evidence of these assets in the record that would support this argument. An appellant must present an appellate court with a sufficient record demonstrating error requiring reversal. *See, e.g., Tabe v. Tex. Inpatient Consultants, LLP*, No. 01-22-00294-CV, 2023 WL 3063403, at *5 (Tex. App.—Houston [1st Dist.] Apr. 25, 2023, no pet.) (mem. op.); *see also Nicholson v. Fifth Third Bank*, 226 S.W.3d 581, 583 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (noting that party is required to request court reporter make record and holding that, because appellant failed to request reporter's record, court would assume there was sufficient evidence to support trial court's judgment). Typically, when no reporter's record is made and filed, the reviewing court must presume that the missing evidence supports the trial court's ruling. *Bryant v. United Shortline Inc. Assurance Servs., N.A.*, 972 S.W.2d 26, 31 (Tex. 1998); *Opoku-Pong v. Boahemaa*, No. 14-19-00070-CV, 2020 WL 3240742, at *2 (Tex. App.—Houston [14th Dist.] June 16, 2020, no pet.) (mem. op.).

Because the trial court rendered its disposition of property and divorce decree in open court and in a document recorded in the clerk's record, the parties' divorce became final on July 27, 2022, and the July 27, 2022 document controls. *Baker*, 687 S.W.3d at 291; *Sargent*, 2025 WL 2627033 at *4. Russell's passing divested the trial court of jurisdiction to enter the January 25, 2024 decree, and it is

therefore void. *Baker*, 687 S.W.3d at 295. For the same reasons, the orders dismissing and reinstating the case were also void and without effect. *Id*.

## Conclusion

Having determined the trial court entered its judgment when it signed the July 27, 2022 order, we set aside the January 25, 2024 final decree of divorce.[3]

Amparo "Amy" Guerra
Justice

Panel consists of Justices Guerra, Caughey, and Dokupil.

---

[3] Because this issue is dispositive of the appeal, we need not consider appellants' remaining issues. *See* TEX. R. APP. P. 47.1 (providing that "court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal").